**In re ABOUSSIE BROTHERS CONSTRUCTION COMPANY a/k/a Aboussie Brothers Builders, a partnership, Debtor.**

**ABOUSSIE BROTHERS CONSTRUCTION COMPANY a/k/a Aboussie Brothers Builders, a partnership, Plaintiff-Appellant,**

v.

**UNITED MISSOURI BANK OF KIRKWOOD, Defendant-Respondent.**

Bankruptcy No. 80–1327C(2).

United States District Court,
E. D. Missouri, E. D.

Jan. 27, 1981.

Bernard A. Ruthmeyer, Raskas, Ruthmeyer, Pomerantz & Wynne, St. Louis, Mo., for plaintiff-appellant.

Richard E. Coughlin, St. Louis, Mo., for defendant-respondent.

MEMORANDUM

NANGLE, District Judge.

Aboussie Brothers Construction Company, a partnership, filed a petition for relief pursuant to Chapter 11 of the Bankruptcy Act. In the court below, the partnership sought to enjoin suits which threatened to deplete the assets of the individual partners of the partnership. The Bankruptcy Court, the Honorable James S. Barta, declined to enjoin these suits and this Court must agree.

Aboussie Brothers Construction Company, the Debtor, filed the underlying petition

for reorganization pursuant to Chapter 11 on July 31, 1980. Edward and Louis Aboussie are the sole partners of the Debtor. The filing of the Chapter 11 petition gave rise to an automatic stay of most actions against the debtor or property of the debtor. 11 U.S.C. § 362. Pending at the time of the Chapter 11 filing was a suit brought by the United Missouri Bank of Kirkwood against the Debtor herein and Edward and Louis Aboussie, individually. Individual liability of Edward and Louis Aboussie is premised on their personal guarantee of the debts of the Debtor. There is no question but that the state litigation, as it applied to the Debtor, was stayed. The question is whether the state litigation should also be stayed as it relates to the partners individually.

The Debtor argues that to allow depletion of the assets of the partners would hinder the possibilities for a successful reorganization in this proceeding. This is so, Debtor argues, because contribution of assets by the partners may prove necessary to a reorganization.[1]

It is generally accepted that, for bankruptcy purposes, a partnership is a separate and distinct entity from its partners. *Liberty Nat. Bank v. Bear*, 276 U.S. 215, 48 S.Ct. 252, 72 L.Ed. 536 (1928); *In Re Jercyn Dress Shop*, 516 F.2d 864 (2d Cir. 1975); *First Nat. Bank of Herkimer v. Poland Union*, 109 F.2d 54 (2d Cir. 1940). Likewise, a partnership may be adjudged bankrupt irrespective of the bankruptcy of the individual partners. *Bear*, supra; *Jercyn Dress Shop*, supra.

This Court sees no reason why the distinct existence of the partnership and its partners should be disregarded in the instant context. This Court may stay suits against the Debtor's property, not that of the individual partners of the Debtor. It is, of course, true, that execution upon the judgment against Edward and Louis Aboussie may impair their ability to contribute funds to the reorganization of the Debtor. Adverse effect upon the Debtor, alone, however, is not sufficient justification for the exercise of jurisdiction over the property of the partners. *Parkview-Gem, Inc. v. Stein*, 516 F.2d 807 (8th Cir. 1975); *In Re Adolf Gobel, Inc.*, 80 F.2d 849 (2d Cir. 1936), *In Re Magnus Harmonica Corporation*, 233 F.2d 803 (3rd Cir. 1956); *McGinnis Lumber Co., Inc. v. Belser*, 385 F.Supp. 390 (D.S.C.1974).

*Magnus Harmonica*, supra, presented a situation similar to that presented herein. In that case, the debtor was a corporation in a reorganization proceeding. Officers of the corporation had personally guaranteed some of its debts. Suit was brought against these officers by a third party on these guarantees, and the debtor sought to stay the suits. The court refused to stay the suits, however, holding that it lacked jurisdiction over the property of these individuals. In so holding, the court said, supra at 804:

> . . . It may be granted that this suit against the Magnus defendants may have an indirect repercussion in matters involved in the bankruptcy proceedings. It is suggested, for instance, that Finn Magnus has reversionary rights to certain patents now licensed to the corporation and if a creditor got hold of those rights it would greatly embarrass the reorganization. Of course, that same difficulty would be presented if a tort claimant sued Magnus for damages involved in an automobile accident and sought to get these patent rights to collect a judgment. It is true, also, that a surety has rights against the principal debtor. If Finn Magnus and Elsie Magnus are compelled to pay a creditor who sues in a state court on a suretyship obligation entered into for the benefit of the corporation, they will have rights against the corporation. These the bankruptcy court can handle in due course if the question arises to be answered.

---

1. Debtors also argue that requiring the partners to expend time and energy on the state litigation will detract from their more important task of arranging a successful reorganization. Even assuming such a claim has any validity, the issue is now moot. Subsequent to the denial of the requested stay, a consent judgment was entered in the state litigation. Further efforts on the partners' behalf are therefore not necessary.

This Court believes the holding therein is equally applicable with respect to the entity and individuals involved herein.

To a large extent, any action adverse to the interests of the partners will impair their ability to participate in the reorganization. Though the state litigation involved herein concerns the partners' personal guarantee of partnership debts, the adverse effect upon the reorganization would be the same if the state litigation concerned liability arising out of an automobile accident. *Magnus Harmonica*, supra. This Court simply does not believe that the bankruptcy of the partnership should be taken to stay all proceedings against the partners thereof. See, *Collier on Bankruptcy*, § 362.04[1].

Even *In Re Helmswood Apartments*, 2 B.C.D. 1151 (N.D.Ga.1976), relied upon heavily by Debtor, recognized this principle. Even though ultimately deciding that a stay in a Chapter XII reorganization would prevent foreclosure against an individual partner upon the real estate which was the subject of the reorganization, the court recognized that, normally, the automatic stay does not enjoin any act or action against the general partner, as a co-debtor, for collection of his debt from his other assets. The court said that it must be recognized that the debtor and the general partner were separate entities.

To the extent that *Elemar Associates*, 3 B.C.D. 958 (S.D.N.Y.1977), is inconsistent with the result reached herein, this Court must disagree with that decision. The decision of the Bankruptcy Court will be affirmed.