In re UNR INDUSTRIES, INC., Unarco Industries, Inc., Unr, Inc., Unr-Rohn, Inc., (Alabama), Unr-Rohn, Inc., (Indiana), Dart, Inc., Jobal Tube Co., Inc., National Plastics, Inc., Unr Products, Inc., Leavitt Structural Tubing Co., and Folding Carrier Corp., Debtors.

**Bankruptcy Nos. 82 B 9841, 82 B 9851.**

United States Bankruptcy Court,
N. D. Illinois, E. D.

Sept. 15, 1982.

Malcolm Gaynor, David N. Missner and Richard Bendix, Schwartz, Cooper, Kolb & Gaynor, Chicago, Ill., for debtors.

---

## ORDER

EDWARD B. TOLES, Bankruptcy Judge.

This matter coming on to be heard upon the motion of the Debtors, UNR Industries, Inc., Unarco Industries, Inc., UNR, Inc., UNR–ROHN, Inc., (Alabama), UNR–ROHN, Inc., (Indiana), Dart, Inc., Jobal Tube Co., Inc., National Plastics, Inc., UNR Products, Inc., Leavitt Structural Tubing Co., and Folding Carrier Corp. (Debtors), to vacate an order modifying the automatic stay entered by the Emergency Judge, Honorable Frederick J. Hertz, on July 30, 1982, pursuant to Bankruptcy Rule 924 and Rule 60(b) of the Federal Rules of Civil Procedure, and

The Court having examined the pleadings filed in this matter, having heard the arguments of counsel, and the Court being fully advised in the premises;

The Court Finds:

1. On July 29, 1982, the Debtors filed eleven voluntary petitions for reorganization under Chapter 11 of the Bankruptcy Code. In all of these reorganization proceedings, assigned to this Court, the Debtors as Debtors in Possession, have continued to operate as ongoing enterprises and have continued to manage their properties. By order dated July 29, 1982, the proceedings are being jointly administered for procedural purposes only.

2. Prior to the filing of the instant reorganization proceedings, Unarco, Inc., one of the subsidiaries of UNR Industries, Inc., was a co-defendant along with Johns-Manville Sales Corporation (Manville), represented by D. Glenn Ofsthun, Attorney at Law, in the following three cases pending in the Illinois Appellate Courts: *Froud v. Celotex,* 107 Ill.App.3d 654, 63 Ill.Dec. 261, 437 N.E.2d 910, *Friday v. Celotex,* 81–0054 and *Williamson v. Celotex,* 81–0052. Said suits involve claims for damages against Unarco Industries, Inc. and Manville and others for injuries allegedly sustained from the inhalation of fibers from asbestos allegedly manufactured or sold by the various defendants. As of the date of filing of the reorganization proceedings, July 29, 1982, approximately 17,000 asbestos poisoning lawsuits were pending against the Debtors, Manville and various other co-defendants.

3. On July 30, 1982, Manville presented to the Emergency Judge, Honorable Frederick J. Hertz, an emergency motion for partial lifting or modification of the automatic stay pursuant to Section 362(f) of the Bankruptcy Code. On July 30, 1982, an order was entered lifting the automatic stay to allow Manville and certain other co-defendants to file petitions for leave to appeal to the Illinois Supreme Court from adverse decisions of an Illinois Appellate Court in the three asbestos-related lawsuits detailed above.

4. On August 19, 1982, the Debtors filed a motion to vacate the order entered on July 30, 1982, and alleged that counsel for Debtors were never notified that Manville would seek relief from the automatic stay by motion on July 30, 1982. The Debtors counsel alleged that they had offered to counsel for Manville to prepare a letter stating that Section 362 of the Bankruptcy Code did not preclude Manville from perfecting its appeal to the Illinois Supreme Court. At the hearing held on the motion to vacate on August 19, 1982, counsel for Manville denied that the motion to modify the automatic stay was without notice, and asserted that counsel for Debtors were aware that said motion would be presented to Judge Hertz on July 30, 1982.

The Court Concludes and Further Finds:

1. Pursuant to Section 362(a) of the Bankruptcy Code all acts to collect on, execute, commence, or continue proceedings on claims of indebtedness are stayed as against the debtor upon filing of bankruptcy. In order to have the stay lifted the clear language of the Code and appellate authority of our Seventh Circuit specifies that creditors must file a complaint, not a motion. *In re Holtkamp,* 669 F.2d 505, 509 (7th Cir. 1982). Section 362(d) of the Bankruptcy Code provides in relevant part as follows:

(d) On request of a party in interest and after notice of a hearing, the court

shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—

(1) for cause, including the lack of adequate protection of an interest in property of such party in interest; or

(2) with respect to a stay of an act against property, if—

(A) the debtor does not have an equity in such property; and

(B) such property is not necessary to an effective reorganization.

The lifting of the automatic stay by a creditor is designated as an adversary proceeding requiring the filing of a complaint under Rules 701(6) and 703 of the Bankruptcy Rules of Procedure. *In re Holtkamp, supra.* at 507. Rule 701(6) provides as follows:

The rules of this Part VII govern any proceeding instituted by a party before a bankruptcy judge to . . . (6) obtain relief from a stay . . . Such a proceeding shall be known as an adversary proceeding.

Rule 703 provides as follows:

An adversary proceeding is commenced by filing a complaint with the court.

Creditors, under emergency circumstances, may receive *ex parte* relief from the automatic stay pursuant to Interim Rule 4001(b) as follows:

(b) Ex Parte Relief from Stay. On the filing of a complaint seeking relief from a stay under Section 362(a) of the code, relief may be granted without written or oral notice to the adverse party if (1) it clearly appears from specific facts shown by affidavit or by a verified complaint that immediate and irreparable injury, loss, or damage will result to the plaintiff before the adverse party or his attorney can be heard in opposition, and (2) the plaintiff's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting his claim that notice should not be required.

While the proposed new bankruptcy rules provide for the lifting or modification of the stay by motion only, these rules are not now in effect and the clear language of the Code and appellate authority of the Circuit must be complied with. On this basis the July 30, 1982, order must be vacated. By General Order issued after the Supreme Court decision in *Northern Construction Co. v. Marathon Pipe Line Co., et al.,* —— U.S. ——, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982), by the Chief Judge of the United States District Court for the Northern District of Illinois, the Honorable Frank J. McGarr, this Court has the authority to issue all orders in support of and in exercise of its jurisdiction and mandate under the Bankruptcy Code, pending the enactment of corrective legislation by Congress.

2. The necessity of vacating the order of July 30, 1982, is further emphasized by the fact that according to appellate authority from the United States District Court for the Northern District of Illinois, the automatic stay provisions of Section 362 apply only to the debtor and not non-filing co-defendants. *Royal Truck and Trailer v. Armadora Maritima Salvadorean,* 10 B.R. 488 (N.D.Ill.1981); *accord, In re Fiberboard Corporation,* TY–79–35–CA, TY–79–11–CA, and TY–79–36–CA (E.D.Tex. Aug. 12, 1982, Judge William Justice, 5th Cir. Court of Appeals, denied without comment, a writ of mandamus against Judge Justice). *Citing In re Smith,* 14 B.R. 956 (Bkrtcy.D.Conn. 1981); *In re Aboussie Brothers Const. Co.,* 8 B.R. 302, 3 C.B.C.2d 684 (E.D.Mo.1981); *In re Trammel Road Townhouses, Ltd.,* 5 B.C.C. 317 (N.D.Ga.1977); *Globe Const. Co. v. Oklahoma City Housing,* 571 F.2d 1140 (10th Cir. 1978); *In re Larmar Estates, Inc.,* 5 B.R. 328 (Bkrtcy.E.D.N.Y.1980) *contra In re White Motor Credit Corp.,* 11 B.R. 294, 295 (Bkrtcy.N.D.Ohio 1981). In *Royal Truck* District Judge Roszkowski granted a motion to proceed against a nonfiling co-defendant and stated:

All parties are in agreement that Armasal's Chapter 11 filing operates to automatically stay any and all claims pending against Armasal in this case. See, 11 U.S.C. § 362(a).

Uiterwyk contends, however, and Royal disagrees that the bankruptcy petition filed by Armasal should effect a stay

against Uiterwyk as well. Nothing, however, in the Bankruptcy Code would support Uiterwyk's contention. In fact, the language of the code makes it quite clear that, in Chapter 11, the protections afforded the bankrupt are designed for the debtor-bankrupt only. See e.g. 11 U.S.C. § 362(a); House Committee on the Judiciary House Report No. 95–595, 11 U.S. C.A. p. 419, U.S.Code Cong. & Admin. News 1978, p. 5787, and Collier on Bankruptcy § 326.01(1), (2).

The Notes of the Committee on the Judiciary specifically explain that:

The automatic stay is one of the fundamental debtor protections provided by the bankruptcy laws. It gives the debtor a breathing spell from his creditors. It stops all collection efforts, all harassment, and all foreclosure actions. It permits the debtor to attempt a repayment or reorganization plan, or simply to be relieved of the financial pressures that drove him into bankruptcy. . . .

Moreover, the interpretation that the automatic stay provisions of Chapter 11 under the New Code operate for the benefit of the bankrupt only is further supported by reference to Chapter 13 proceedings. . . .

In this court's opinion, Congress' decision to specifically provide for stays against co-debtors under the New Code's Chapter 13 provisions and Congress' apparent decision to not provide for similar relief under Chapter 11 lends further support to this court's conclusion that the automatic stay provisions in § 362(a) operated in favor of the bankrupt Armasal only and not in favor of a co-debtor such as Uiterwyk.

Consequently, in this court's opinion, something more than the mere fact that one of the parties to this lawsuit has filed a Chapter 11 bankruptcy petition must be shown in order that proceedings be stayed against non-bankrupt parties. *Royal Truck, Supra.* at 490–491.

This Court is compelled to follow the clear language of the Bankruptcy Code and the clear mandate of the United States District Court for the Northern District of Illinois as well as the Seventh Circuit Court of Appeals.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the motion of the Debtors, UNR Industries, Inc., Unarco Industries, Inc., UNR, Inc., UNR–ROHN, Inc., (Alabama), UNR–ROHN, Inc., (Indiana), Dart, Inc., Jobal Tube Co., Inc., National Plastics, Inc., UNR Products, Inc., Leavitt Structural Tubing Co., and Folding Carrier Corp., to vacate the order modifying the automatic stay entered on July 30, 1982, be, and the same is hereby granted.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the order modifying the automatic stay entered on July 30, 1982, be, and the same is hereby vacated.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the motion of Debtor for sanctions, be, and the same is hereby denied.