**In the Matter of SAFEGUARD MANUFACTURING CO., Debtor.**

**UNIVERSAL SAFETY EQUIPMENT CO., Plaintiff,**

v.

**SAFEGUARD MANUFACTURING CO., LENA WOODING, Defendants.**

Bankruptcy No. 2–82–00840.
Adv. No. 2–82–0581.

United States Bankruptcy Court,
D. Connecticut.

Nov. 19, 1982.

Edmund T. Curran, and David W. Cooney, Regnier, Taylor, Curran & Langenbach, Hartford, Conn., for plaintiff.

Barbara Hadley Katz, DiPietro, Kantrovitz & Brownstein, New Haven, Conn., for debtor-defendant.

Daniel Ben-Zvi, Schatz & Schatz, Ribicoff & Kotkin, Hartford, Conn., for Lena Wooding, defendant.

## MEMORANDUM OF DECISION

ROBERT L. KRECHEVSKY, Bankruptcy Judge.

### I.

Safeguard Manufacturing Company (Safeguard) makes a special pull-out device used on industrial machinery to protect the machine operator. On September 1, 1982, Safeguard filed a voluntary chapter 11 petition and its schedules disclose that it is a defendant in some thirty product liability suits throughout the United States. Included in these actions is one for personal injuries commenced in 1977 in the circuit court of Cook County, Illinois by Lena Wooding (Wooding) against Safeguard, Universal Safety Equipment Co. (Universal), L & J Press Corporation, Borg-Warner Corporation, and Wand Tool Company. Wooding seeks, in a trial to a jury, to recover damages for serious injuries to one of her hands sustained as a result of an allegedly defective punch-press machine and/or protective device on the machine she was operating during her employment. Universal, a distributor of Safeguard equipment who sold the claimed defective protective device to Wooding's employer, filed a counterclaim against Safeguard alleging that as a mere distributor of the Safeguard equipment it will be entitled to indemnification from Safeguard under applicable Illinois product liability law in the event Wooding prevails. Upon notification of Safeguard's chapter 11 petition, the Illinois court issued an order, dated September 23, 1982, to the effect that the Wooding action

will proceed to trial and Safeguard will be severed as a defendant.

## II.

Universal filed the instant adversary proceeding against Safeguard and Wooding requesting that Wooding be permanently enjoined from proceeding with the action in Illinois or, in the alternative, that she be enjoined from proceeding against Universal only, thereby allowing Wooding to continue her action against the remaining parties who are the manufacturers of other claimed defective components of the punch press.

Universal posits its right to an injunction on §§ 362(a)[1] and 105(a)[2] of the Bankruptcy Code. It claims that the court should grant the requested relief primarily because allowing Wooding to proceed will interfere with the reorganization of the debtor's estate; it is inequitable that Universal defend against Wooding without having Safeguard's personnel available at trial who were involved in the production of the equipment and may be in possession of information concerning defenses; inconsistent results are possible if the issues in the case are litigated in both Illinois and Connecticut; and that principles of judicial efficiency and the avoidance of piecemeal litigation support the issuance of an injunction.

Safeguard joins Wooding in objecting to Universal's complaint. Each claim that the stay under § 362(a) does not apply to the nonbankrupt co-debtors of a debtor-in-possession, and that § 105(a) offers no basis for the court to issue any order since Universal has not shown how the requested order is "necessary or appropriate to carry out the provisions" of Title 11. Wooding asserts further that the bankruptcy court

has no jurisdiction to restrain a lawsuit between parties none of whom is the debtor.

## III.

The issues involved in this proceeding have been the subject of rapidly developing case law most recently arising out of the asbestos litigation and the *Manville* bankruptcy. Although there are certain early decisions to the contrary,[3] the latest decisions fully support the positions taken by Wooding and Safeguard. These decisions conclude that the § 362 stay by its literal language and legislative history applies only to actions against debtors and cannot be applied to claims against nondebtor defendants. *See Globe Construction Co. v. Oklahoma City Housing Auth.,* 571 F.2d 1140 (10th Cir.1978); *In re Magnus Harmonica Corp.,* 233 F.2d 803 (3d Cir.1956); *Evans v. Johns-Manville Sales Corp.,* Civ. No. 80–2939 (D.N.J. Oct. 5, 1982); *In re Related Asbestos Cases,* 9 B.C.D. 874 (D.Ct., N.D.Cal.1982); *Royal Truck & Trailer, Inc. v. Armadora Maritima Salvadorena,* 10 B.R. 488 (D.Ct., N.D.Ill.1981); *Aboussie Brothers Construction Co. v. United Missouri Bank of Kirkwood,* 8 B.R. 302, 7 B.C.D. 309 (D.Ct., E.D.Mo.1981); *Nevada Nat'l Bank v. Casgul of Nevada, Inc. (In re Casgul of Nevada, Inc.)* 22 B.R. 65, 9 B.C.D. 449 (Bkrtcy. App. 9th Cir.1982); *In re UNR Industries, Inc.,* 23 B.R. 144, 9 B.C.D. 781 (Bkrtcy.Ct., N.D.Ill.1982); *In re Smith,* 14 B.R. 956, 8 B.C.D. 417 (Bkrtcy.Ct., D.Conn.1981); *In re Weed,* 6 B.C.D. 606 (Bkrtcy.Ct., S.D.Iowa 1980); *Matthews v. Johns-Manville Corp.,* No. 4052 (132) (Pa.C.P. Philadelphia County, Sept. 24, 1982). These cases, in general, involve attempts by nonbankrupt co-defendants in asbestos litigation or nonbank-

1. Section 362(a) provides that the filing of a bankruptcy petition operates as a stay, applicable to all entities, of a wide variety of acts affecting a bankruptcy estate including the continuation of judicial proceedings against a debtor "to recover a claim against the debtor that arose before the commencement of the case under this title."

2. Section 105(a) states "[t]he bankruptcy court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."

3. *In re White Motor Credit Corp.,* 11 B.R. 294, 7 B.C.D. 885 (Bkrtcy.Ct., N.D.Ohio 1981), *rev'd on other grounds, Citibank N.A. v. White Motor Corp.,* 23 B.R. 276, 9 B.C.D. 882 (D.Ct., N.D.Ohio 1982); *Federal Life Insurance Co. (Mutual) v. First Finance Group of Texas, Inc.,* 3 B.R. 375 (D.Ct., S.D.Tex.1980).

**418**

rupt guarantors of commercial loans to prevent plaintiffs from continuing their actions against them in the absence of the debtors.

Universal seeks to distinguish its situation from that of the parties in the above-cited cases. Universal says that none of these cases involve a clear-cut situation where the party seeking the § 362 stay was one who had a direct right of indemnification against the debtor. I do not believe that the fact that Universal has an indemnification claim against Safeguard as opposed to being a joint tortfeasor or joint contractual obligor is a significant distinction. Universal's complaint admits that there were claims of contribution made against Manville in the asbestos proceedings by co-defendants and this was not found sufficient to change any holding. *See In re Related Asbestos Cases, supra.* In its complaint, Universal alleged that it will be denied the information it needs to defend the Wooding case with Safeguard severed as a defendant. Safeguard has offered, however, to have all of its personnel available to Universal to testify in Illinois provided that witness expenses are paid thereby minimizing, if not eliminating, this problem. The Universal memorandum also presents a doleful scenario predicated on potential inconsistencies between a jury verdict in Illinois and a jury verdict in the bankruptcy court if separate proceedings are allowed. Universal's assumption that Wooding and/or Universal will be entitled to a jury trial in filing their claims against Safeguard in the bankruptcy court is in error. 28 U.S.C. § 1480 providing for jury trial in the bankruptcy court does not apply to claims against the estate.[4] The chaos and delays in the Safeguard estate that Universal envisages are unfounded. Furthermore, Safeguard denies there will be any unusual problems in administering its estate if the Wooding litigation continues against Universal, and I foresee none.

## IV.

I agree with the cited cases that hold that the § 362 stay cannot be extended to parties such as Universal. I further conclude that no order under § 105 is justified even assuming I have the jurisdictional power to restrain Wooding from proceeding in the Illinois litigation against Universal. Wooding's injury occurred on December 23, 1975, and seven years later her case is ready for trial in Illinois. She has been unemployed since the injury. Universal concedes that Wooding has a cause of action against Universal alone, and that Safeguard is not an indispensable party. While Universal may be inconvenienced by defending against Wooding in Illinois without Safeguard's presence, Universal has not borne its burden of proof that the relief it seeks should be granted. Judgment will enter for the defendants.

---

4. Section 1480 reads as follows:

(a) Except as provided in subdivision (b) of this section, this chapter and Title 11 do not affect any right to trial by jury, in a case under Title 11 or in a proceeding arising under Title 11 or arising in or related to a case under Title 11, that is provided by any statute in effect on September 30, 1979.

(b) The bankruptcy court may order the issues arising under section 303 of Title 11 to be tried without a jury.
*See Katchen v. Landy,* 382 U.S. 323, 86 S.Ct. 467, 15 L.Ed.2d 391 (1966); 1 *Collier on Bankruptcy* ¶ 3.01(c)(i) at 3–92 (15th ed.1982).