**In re AUTOBAHN CLASSICS, INC.,**
**Peter's Service Center, Debtors.**

**Bankruptcy Nos. 83 B 20012, 83 B 20013.**
**Adv. Nos. 83 ADV 6068, 83 ADV 6069.**

United States Bankruptcy Court,
S.D. New York.

April 28, 1983.

Townley & Updike, New York City, for Amoco Oil; Richard R. Lutz, New York City, of counsel.

Solomon Abrahams, P.C., Hartsdale, N.Y., for debtors.

## DECISION ON COMPLAINTS OF AMOCO OIL COMPANY SEEKING RELIEF FROM AUTOMATIC STAY

HOWARD SCHWARTZBERG, Bankruptcy Judge.

Amoco Oil Company ("Amoco") seeks relief from the automatic stay pursuant to Code § 362(d) in order to proceed with an eviction order directed against Peter Heimuller, who is a principal in two affiliated businesses which have filed Chapter 11 petitions with this court, namely Peter's Service Center and Autobahn Classics, Inc. The premises in question involves a gasoline station owned by Amoco and located in New Rochelle, New York.

## FINDINGS OF FACT

1. On January 11, 1983, the debtors, Peter's Service Center and its affiliated corporation, Autobahn Classics, Inc., each filed with this court petitions for reorganization under Chapter 11 of the Bankruptcy Reform Act of 1978. The debtors continue to operate their businesses as debtors in possession pursuant to Code §§ 1107 and 1108.

2. The debtor, Peter's Service Center, is a partnership consisting of Peter Heimuller and Jane Petry. The debtor, Autobahn Classics, Inc., is a corporation engaged in the business of repairing automobiles. Its president and sole shareholder is Peter Heimuller. Both the partnership and the corporate debtors operate their businesses at 690 Main Street, New Rochelle, New York. Peter Heimuller, individually, has not filed any petition for relief and is *not* a debtor under the aegis of this court.

3. Pursuant to a lease dated March 1, 1974, the plaintiff, Amoco, as the owner of a service station located at 690 Main Street, New Rochelle, New York, leased the premises to Peter Heimuller, individually. The lease was for a period of one year with two one-year extensions. The lease expired by its own terms in 1977. Thereafter, Amoco sought to evict Mr. Heimuller from the premises. Peter Heimuller, in turn, commenced an action in the New York Supreme Court, Westchester County, under the name of Peter Heimuller, d/b/a Peter's Service Center and asserted the right to remain in possession as a motor fuels franchisee. Amoco was enjoined from evicting Mr. Heimuller during the pendency of this action. Prior to the trial in that action a

stipulation was entered into in open court under which Mr. Heimuller was given until October, 1981 to purchase the premises or vacate them.

4. Peter Heimuller did not purchase the property by October, 1981 in accordance with the stipulation. Amoco then sought to enforce the stipulation in the New York Supreme Court, Westchester County. On May 7, 1982, Mr. Justice Anthony Cerrato of that court rendered a decision in Amoco's favor decreeing that the stipulation should be enforced and entered an order of eviction, a judgment and a warrant to the Sheriff of Westchester County awarding possession of the premises to Amoco in June 1, 1982.

5. Peter Heimuller appealed to the Appellate Division, Second Department from Judge Cerrato's decision, during which time a further stay of eviction was entered by the Appellate Division pending determination of the appeal.

6. On March 14, 1982, the Appellate Division, Second Department rendered its decision affirming the judgment of eviction in favor of Amoco and dismissed the appeal.

7. From the time Amoco leased the premises to Peter Heimuller on March 1, 1974 until the present date, Amoco issued statements to Peter Heimuller, individually, for rent obligations and gasoline purchases. Jane Petry, the bookkeeper, who is Peter Heimuller's partner in the debtor partnership, Peter's Service Center, testified that Amoco continued to accept rent from Peter Heimuller, d/b/a Peter's Service Center. However, there was no proof that either the debtor partnership, Peter's Service Center, or the corporate debtor, Autobahn Classics, Inc., ever paid any rent to Amoco.

8. Amoco's witness testified that Amoco did business with Peter Heimuller, individually, as Peter Heimuller, d/b/a Peter's Service Center. He further testified that Amoco issued leases only to individuals and not to partnerships or corporations. Amoco maintains that it did no business with either the partnership debtor, Peter's Service Center or the corporate debtor, Autobahn Classics, Inc. and that the automatic stay in the bankruptcy cases does not affect its right to evict the nondebtor, Peter Heimuller, in accordance with the New York Supreme Court order, as affirmed by the Appellate Division, Second Department.

## DISCUSSION

 This court previously stated in *In re Butchman,* 4 B.R. 379 at 381 (Bkrtcy.S.D.N. Y.1980):

"When a debtor's legal and equitable interests in property are terminated prior to the filing of the petition with the Bankruptcy Court that was intended to preserve the debtor's interest in such property, the Bankruptcy Court cannot then cultivate rights where none can grow.

Had Amoco, entered into the lease with either or both of the debtors, and then sought relief from the automatic stay in order to evict either the partnership or corporate debtor, or both, from the premises in question, the debtors would have had difficulty in asserting any leasehold rights which could support a Chapter 11 reorganization. Once a lease is terminated there remains nothing for a debtor in possession to assume pursuant to Code § 365. *In re G.S.V.C. Restaurant Corp.,* 3 B.R. 491 (Bkrtcy.S.D.N.Y.1980) affirmed 10 B.R. 300 (D.C.S.D.N.Y.1980); *In re Darwin,* 22 B.R. 259 (Bkrtcy.E.D.N.Y.1982); *In re Triangle Laboratories, Inc.,* 663 F.2d 463 (3rd Cir. 1981).

In the context of the automatic stay under Code § 362, the court in the *Darwin* case supra, 22 B.R. at page 263 said:

"It is equally clear that the bankruptcy court cannot resurrect a lease terminated prior to the filing of the petition."

See also *In re Racing Wheels, Inc.,* 5 B.R. 309 (Bkrtcy.M.D.Fla.1980).

However, in this case, Amoco does not seek to do battle with the partnership or corporate debtor. Amoco's dealings were solely with the nondebtor, Peter Heimuller, in his individual capacity. The lease, which is now terminated, was entered into with Peter Heimuller and all statements issued by Amoco for rent or for gasoline were directed to Peter Heimuller. The partner-

ship and corporate debtors merely enjoy naked possession of Amoco's property and are not the subjects of Amoco's intended eviction proceeding. Amoco wishes to proceed against the nondebtor, Peter Heimuller, individually.

■ The important feature of the automatic stay imposed under Code § 362 is that it only protects the debtor and does not extend injunctive coverage to nondebtor third parties. *Pitts v. Unarco Industries,* 698 F.2d 313 (7th Cir.1983); *In re Johns-Manville Corp.,* 26 B.R. 405 (Bkrtcy.S.D.N.Y.1983); *Neubauer v. Owens-Corning Fiberglas Corp.,* 26 B.R. 644 (E.D.Wis.1983); *In re Safeguard Manufacturing Co.,* 25 B.R. 415 (Bkrtcy.Conn.1982); *Lynch v. Johns-Manville Sales Corp.,* 23 B.R. 750 (D.C.Ohio 1982); *In re Related Asbestos,* 23 B.R. 523 (N.D.Cal.1982); *In re Casgul of Nevada,* 22 B.R. 65 (Bkrtcy.App. 9th Cir.1982).

■ That Peter Heimuller may have formed a partnership and a corporation after he entered into the lease with Amoco does not preclude Amoco from establishing that Amoco dealt only with Peter Heimuller in his individual capacity and had no transactions with, or any claims against, the partnership or corporate debtors. For bankruptcy purposes the partnership debtor is a separate and distinct entity from its partners. *Liberty National Bank v. Bear,* 276 U.S. 215, 48 S.Ct. 252, 72 L.Ed. 536 (1928); *In re Jercyn Dress Shop,* 516 F.2d 864 (2d Cir.1975); *In re Aboussie Brothers Construction Company,* 8 B.R. 302 (D.C.E.D. Mo.1981). Hence, a Chapter 11 debtor partnership is not entitled to enjoin state court suits commenced against partners individually. *In re Aboussie Brothers Construction Company,* supra.

## CONCLUSIONS OF LAW

1. This court has jurisdiction over the subject matter and the parties to this adversary proceeding in accordance with the Emergency Rule adopted by the United States District Court for the Southern District of New York.

2. The individual, Peter Heimuller, with whom Amoco entered into a lease for the premises in question is a partner in the debtor partnership, Peter's Service Center, and is the principal shareholder and president of the corporate debtor, Autobahn Classics, Inc., but he is not a debtor who has sought bankruptcy relief for himself individually.

3. The automatic stay imposed by Code § 362 in favor of the partnership debtor, Peter's Service Center, and the corporate debtor, Autobahn Classics, Inc., does not preclude the commencement of state court suits against Peter Heimuller, individually.

4. Amoco is not stayed from proceeding with its eviction action against Peter Heimuller individually.

5. The partnership and corporate debtors have no landlord-tenant relationship with Amoco or any leasehold interests in the premises in question that would justify the staying of any eviction action commenced by Amoco against Peter Heimuller.

6. Amoco's complaints for relief from the automatic stay are granted.

SUBMIT ORDER on notice.