## In re NASHVILLE ALBUM PRODUCTIONS, INC., Debtor.

### Bankruptcy No. 382–03068.

United States District Court, M.D. Tennessee.

Aug. 1, 1983.

Kirk C. Waite, Nashville, Tenn., for debtor.

George D. Johnson, St. Louis, Mo., for Mid-West Custom Pressing Record Co., Inc.

James V. Mondelli, Nashville, Tenn., Trustee.

John C. Hess, Nashville, Tenn., for trustee.

### MEMORANDUM

JOHN T. NIXON, District Judge.

This matter is before the court on the debtor Nashville Album Productions' motion to find Mid-West Custom Record Press-

ing Company, its officers and directors, and its attorney George Johnson in contempt for pursuing an action in the Jefferson County Circuit Court of Missouri against Steve and Robbie Botts, the sole stockholders, officers and directors of the debtor, in violation of the automatic stay imposed by 11 U.S.C. § 362.[1] This state court action has subsequently been removed to the United States District Court for the Eastern District of Missouri. Upon consideration of the evidence presented at the hearing, briefs of the parties, stipulations, exhibits and the entire record, this court concludes that the debtor's motion for contempt should be denied.[2]

The Missouri lawsuit in question seeks to pierce the corporate veil of the debtor so as to reach the personal assets of Steve and Robbie Botts. The debtor is not now nor ever has been a party to this proceeding.

Under these circumstances, the court finds no violation of the automatic stay. A reading of § 362 clearly reveals no support for the debtor's position that the stay prohibits entities from proceeding against officers, directors and/or stockholders of a corporation which has filed a bankruptcy petition. Section 362 only stays actions against the debtor or actions seeking to obtain property of the estate.[3] *See e.g., Pitts v. Unarco Industries, Inc.,* 698 F.2d 313, 314–315 (7th Cir.1983); *In re Related Asbestos Cases,* 23 B.R. 523, 527–528 (Bkrtcy.N.D. Cal.1982); *Royal Truck & Trailer, Inc. v. Armadora Maritima Salvadorena, S.A.,* 10 B.R. 488, 490–491 (N.D.Ill.1981); *In re Autobahn Classics, Inc.,* 29 B.R. 625, 10 Bankr. Ct.Dec. (CRR) 568, 569–570 (Bkrtcy.S.D.N. Y.1983); *In re Loughnane,* 28 B.R. 940, 942–943 (Bkrtcy.D.Colo.1983); *GAF Corp. v. Johns-Manville Corp.,* 26 B.R. 405, 409–410 (Bkrtcy.S.D.N.Y.1983); *Bank Center, Ltd. v. Papariella,* 15 Bankr. 64, 65–66 (Bkrtcy. W.D.Pa.1981).

The Missouri lawsuit necessarily has no adverse effect upon either the debtor or property of the estate.[4] In fact, its continuation is probably in the debtor's best interest since any recovery gained against the individual stockholders would reduce the liability of the debtor corporation. The automatic stay is thus inapplicable to the initiation or continuation of this proceeding.

This court will accordingly enter an order denying the debtor's motion for contempt.

IT IS, THEREFORE, SO ORDERED.

---

1. The following shall constitute findings of fact and conclusions of law pursuant to Rule 752 of the Federal Rules of Bankruptcy Procedure.

2. Pursuant to Administrative Order No. 28–4, this case was referred to United States Bankruptcy Judge George C. Paine, II, in his temporary capacity as standing master for this district. Upon review of the report submitted by Judge Paine, this court finds that this report should be adopted as the opinion of this court.

3. 11 U.S.C.A. § 362 (West 1979) provides in relevant part:
   "(a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title . . . operates as a stay, applicable to all entities, of—
   (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other proceeding *against the debtor* that was or could have been commenced before the commencement of the case under this title, or to recover a claim *against the debtor* that arose before the commencement of the case under this title;

   .    .    .    .    .

   (3) any act to obtain possession of property of the estate or of property from the estate; . . ." (emphasis added).

4. In this regard, it is interesting to note that the debtor's attorney specifically stated in a brief filed in the Missouri action that "[t]he issues in the bankruptcy proceeding are wholly separate from those issues that the Plaintiff has raised in its three count Petition in the present matter." Defendants' Reply Brief at 4, *Midwest Custom Record Pressing Co. v. Botts,* Cause No. 83–0264–C(1) (E.D.Mo. February 28, 1983).