**In re B & B ENTERPRISE, a partnership, Debtor.**

**B & B ENTERPRISE, Plaintiff,**

**v.**

**BANK OF PERRYVILLE, Defendant.**

Bankruptcy No. 85–00138(SE).
Adv. No. 86–0046(SE).

United States Bankruptcy Court,
E.D. Missouri,
Southeastern Division.

Oct. 30, 1986.

Peter D. Kerth, Clayton, Mo., for plaintiff.

Paul H. Berens, Cape Girardeau, Mo., for defendant.

Jim S. Green, Sikeston, Mo., for Creditors' Committee.

## MEMORANDUM OPINION

DAVID P. McDONALD, Bankruptcy Judge.

### INTRODUCTION

On April 17, 1985, B & B Enterprise, a partnership ("B & B"), filed its voluntary Chapter 11 petition. On August 21, 1986, B & B filed a two count Complaint For Declaratory And Injunctive Relief against the Bank of Perryville (the "Bank"). In Count I, B & B alleged that it owned 580 acres of real estate in Perry County and Ste. Genevieve County, Missouri. B & B requested the Court to declare this real estate to be property of the estate within the meaning of 11 U.S.C. § 541. In Count II, B & B alleged that the Bank was violating the automatic stay of 11 U.S.C. § 362 by proceeding with a foreclosure action against the real estate in Missouri state court. B & B requested the Court to enjoin the Bank from judicially foreclosing its interest in the real estate. On October 7, 1986, the Bank filed its Answer, denying B & B's entitlement to any relief. Specifically, the Bank denied that the real estate is property of the estate and that it was in violation of the stay by its foreclosure action in state court. On October 22, 1986, B & B moved for a preliminary injunction restraining the Bank from pursuing any remedy of foreclosure in the state court action. By agreement of the parties, on October 27, 1986, the Complaint and Motion

were heard together, at which time evidence was adduced and ruling reserved. Both parties have also filed legal memoranda. Based upon that record, the Court makes the findings of fact and conclusions of law set forth below and by separate Order denies B & B's motion and dismisses its Complaint with prejudice.

### FINDINGS OF FACT

(1) The Debtor commenced its Chapter 11 case on April 17, 1985. The Debtor is a general partnership that is currently operating its row crop and farming operations in Perry County, Missouri as the debtor-in-possession.

(2) The Bank is a banking association organized and existing under the laws of Missouri. The Bank is a secured creditor of the Debtor.

(3) In the Debtor's Schedule B–1, filed at the commencement of this case, the Debtor listed approximately 580 acres of real estate located in Perry County and Ste. Genevieve County, Missouri as real property owned by the Debtor.

(4) Legal title to the real estate is held in the names of Michael J. Brewer, Patricia A. Brewer and Don J. Brewer.

(5) The Bank has a lien on the real estate.

(6) Subsequent to the commencement of the Debtor's case, the Bank instituted a law suit in the Circuit Court of Perry County, Missouri, against Donald J. Brewer, Michael J. Brewer, Patricia A. Brewer, Wilbur J. Brewer, Wilbur J. Brewer Trust, and the Letha Brewer Trust.

(7) Specifically, the Bank seeks an order from the state court to foreclose on the real estate titled in the name of Don J. Brewer, Michael J. Brewer and Patricia A. Brewer.

(8) The Bank's state court litigation also seeks to obtain a judgment against the state court defendants arising from certain guarantees of the Debtor's liabilities given to the Bank.

(9) Any finding of fact which is deemed a conclusion of law is so deemed and any

conclusion of law which is deemed a finding of fact will be so deemed.

CONCLUSIONS OF LAW

(1) This Court has jurisdiction over the parties and subject matter of this proceeding pursuant to 28 U.S.C. §§ 1334, 151, and 157 and Local Rule 29 of the United States District Court for the Eastern District of Missouri. This is a "core proceeding" pursuant to 28 U.S.C. § 157(b)(2)(A), (O), which the Court may hear and determine.

(2) Property of the estate, as defined by 11 U.S.C. § 541, does not expand a debtor's rights beyond those that existed at the commencement of the case. *See,* H.R. Rept. No. 95–595 to accompany H.R. 8200, 95th Cong., 1st Sess. (1977) pp. 367–368, U.S.Code Cong. & Admin.News 1978, pp. 5787, 6322, 6323.

(3) Assuming, without deciding, that the real estate legally titled in the names of the individual Brewers is B & B partnership property for some purposes, the record title controls with respect to creditors such as the Bank. 60 Am.Jur.2d *Partnership* § 91 (1972); 68 C.J.S. *Partnership* § 72g (1950).

(4) B & B is not entitled to a declaration that the real estate is property of the estate insofar as such a declaration would impair the Bank's rights to foreclose its lien on said property under state law.

(5) B & B is not entitled to injunctive relief of any kind because the individual Brewers are not in bankruptcy. *In re Aboussie Bros. Const. Co.,* 8 B.R. 302 (Bankr.E.D.Mo.1981).

(6) The Bank's state court action against the individual Brewers does not violate the automatic stay of 11 U.S.C. § 362 unless and until they file petitions in bankruptcy.

(7) An Order consistent with this Memorandum Opinion will be filed simultaneously therewith.

(8) Any finding of fact which is deemed a conclusion of law is so deemed and any conclusion of law which is deemed a finding of fact will be so deemed.