In re GREGG'S CUSTOM
VANS, Debtor.

GREGG'S CUSTOM VANS, Plaintiff,

v.

BOATMEN'S FIRST NATIONAL BANK
OF KANSAS CITY, et al., Defendant.

Bankruptcy No. 90–41584–2–11.

Adv. No. 90–4142–2.

United States Bankruptcy Court,
W.D. Missouri.

Jan. 8, 1991.

Frank P. Barker, III, Tracy L. Smedley,
Kansas City, Mo., for defendants.

Jack R. Grate, Jr., Independence, Mo.,
for debtor/plaintiff.

## MEMORANDUM OPINION

FRANK W. KOGER, Chief Judge.

The issue in this case has its origin on October 31, 1984, when the Small Business Administration issued a special warranty deed to the real estate commonly known and numbered as 630 East 23rd, Independence, Missouri. The grantees in that deed were: Gregg D. Shane and Connie L. Shane, husband and wife; and Duane D. Shane and Barbara J. Shane, husband and wife. Gregg Shane and Duane Shane were and are partners doing business as Gregg's Custom Vans, a Missouri partnership. Gregg's has been financed for years by Boatmen's Bank and Boatmen's had financed the purchase of the real estate mentioned above. Gregg's suffered some financial difficulties, the relationship between the parties deteriorated and Boatmen's started foreclosure.

■ Gregg's Custom Vans filed a petition for reorganization on June 26, 1990. Boatmen's foreclosed on June 27, 1990. Gregg's filed this adversary action on August 30, 1990 and trial was held November 29, 1990. Briefs have been filed and the matter is ripe for resolution. Gregg's complaint seeks to set aside the foreclosure as a violation of 11 U.S.C. § 362. Boatmen's seeks to justify the foreclosure on the grounds that the real estate was not property of the estate because it was not property of the partnership. Obviously, the issue comes down to whether real estate titled in four names, two of them partners, is partnership property as regards third parties. It seems clear in Missouri that as between the partners, the rules are greatly relaxed and if the partnership furnished the funds to acquire the property, it is partnership property no matter how it is titled. R.S.Mo. 358.080, et seq. Greggs established that the payments on the property came from the partnership, that the partnership showed the property on its financial statements and the individuals did not, that the property was shown on the

partnership tax returns and not on the individual and that Boatmen's knew of the partnership. Were this a controversy between Gregg Shane or Duane Shane, less evidence than what debtor presented would have established the partnership ownership.

However, the Court determines that different standards must be applied in bankruptcy where the rights of third parties in and to the real estate collateral are concerned. In a case, amazingly on point, this identical issue was raised in the Eastern District of Missouri. The Honorable David P. McDonald held that a bank could foreclose against real estate titled in the names of the individual partners while the partnership was in bankruptcy and that "the record title controls with respect to creditors ..." *In re B & B Enterprise*, 69 B.R. 45 (Bkrtcy.E.D.Mo.1986). There is no indication that Boatmen's Bank ever dictated how the property was to be titled, and although the real estate may well be partnership property as between the title holders, a creditor may rely on the record title in preparing its security documents and in enforcing those security documents once they are in place and perfected. The situation might not be so clearly delineated if the property were untitled personalty.

The complaint of Gregg's Custom Vans is DENIED.

■ Also at issue was a Motion For Relief From Stay to allow Boatmen's to proceed with an unlawful detainer action in state court. The evidence presented at the hearing did not establish that Gregg's Custom Vans was not a tenant of the owners, and did not have a right of possession, and thus possibly a right to pay adequate protection or some other form of relief other than immediate eviction. The Motion For Relief From Stay is DENIED.

The foregoing Memorandum Opinion constitutes Findings of Fact and Conclusions of Law as required under Rule 7052, Rules of Bankruptcy.

SO ORDERED.