Larry HARRIS and Joanne Harris,
d/b/a Park Lodge, Appellants,

v.

Walter SCHEPP and Gloria Schepp,
Individually and d/b/a A–OK
Motel, Appellees.

No. 2–90–261–CV.

Court of Appeals of Texas,
Fort Worth.

Oct. 23, 1991.

Rehearing Overruled Dec. 4, 1991.

Alley & Alley and Richard Alley, Fort Worth, (on appeal only), for appellants.

Oldham & Barnard and Charles Oldham and Charles Barnard, Wichita Falls, for appellees.

Before FARRIS, LATTIMORE and DAY, JJ.

OPINION

FARRIS, Justice.

The appellants sued the appellees for damages alleging the appellees fraudulently misrepresented the value of a motel which appellees sold appellants. Appellees cross-claimed for the unpaid balance of the note appellants executed in consideration for the sale of the motel. Following a bench trial, the court entered judgment denying appellants recovery but awarding damages to appellees on their cross-action. In three points, appellants complain that they were debtors in a bankruptcy case which precludes appellees' recovery in this case. We overrule each of the points of error and affirm the judgment of the trial court. We also find this appeal is taken for delay only and without sufficient cause; consequently, we award appellees additional damages equal to ten percent of the damages awarded to appellees by the trial court. *See* TEX.R.APP.P. 84.

■ Appellants' brief asserts: "The Bankruptcy Court ... granted Appellants a discharge in Bankruptcy and ... established ... the full amount of the value of the claim of the Appellees herein." Appellants refer to a chapter eleven bankruptcy proceeding in which the only debtor was a limited partnership, Bowie Holiday Lodge LTD. Appellants Larry and Joanne Harris were general partners in Bowie, but they were not debtors named in the bankruptcy petition. Further, the bankruptcy court records before us do not support appellants' claim that their liability to appellees was limited by order of the bankruptcy court. Even the records tendered by appellants but not admitted into evidence do not support appellants' claim. Bankruptcy relief granted a partnership debtor does not release the individual partners. *See Aboussie Bros. Constr. Co.*, 8 B.R. 302 (E.D.Mo.1981). Appellants' points of error are overruled.

■ We sustain appellees' counterpoint seeking delay damages because appellants' frivolous approach to this appeal demonstrates they lacked sufficient cause, and appeal was brought for delay only: appellants brought this suit as plaintiffs, never pleading the pendency of any bankruptcy stay affecting the suit; the debtor partnership intervened in the suit, by pleadings signed by the attorney who also then represented appellants; the debtor partnership did not plead that this suit was stayed, and is not a party to this appeal; and appellants never amended their pleadings to raise the affirmative defense of discharge in bankruptcy. Appellants' brief makes unqualified assertions of fact, not supported by record references, and of law made without reference to any authority; these assertions are bald misrepresentations. Appellants' brief refers to documents which are not part of the record. Accordingly, we award appellees damages against appellants in an amount equal to ten percent of damages awarded to appellees by the trial court.

The judgment of the trial court is affirmed.