[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR STAY OF PROCEEDINGS
On November 9, 1987 plaintiff filed a complaint against William O'Boy, Sr. and William O'Boy, Jr. (hereinafter "Senior", "Junior" or "Defendants"). The second amended complaint alleges that the plaintiff entered into a purchase and sale agreement for a parcel of land owned by both Senior and Junior. Plaintiff alleges that pursuant to the agreement $55,000 down payment was made to Senior. Plaintiffs claim that, unknown to them, Senior conveyed all his right, title and interest in the parcel to Junior by quit claim deed and that Junior executed a contract previously executed by plaintiffs and Senior.
The first count of the complaint alleges a breach of contract in that Senior and Junior have failed to undertake to repair the property as spelled out in the contract; the second count alleges that the defendants failed to convey title as per the agreement; the third count alleges that Junior breached the contract by CT Page 11476 entering into an agreement to lease the property to a third party for five years; the forth count alleges that Junior breached a contract by entering into a purchase and sale agreement for the subject property with another party; and the fifth count alleges that the defendants have been unjustly enriched due to the fact that the defendants are still in possession of the $55,000 down payment which has not been returned to the plaintiff.
Junior has filed for bankruptcy under Chapter 13 and an automatic stay is in effect with respect to claims relating to Junior. Senior now claims that the action against him is also stayed on the grounds that section 1301 of the Bankruptcy Code contains an automatic stay which prevents any action being taken to collect a consumer debt of the debtor in bankruptcy against one liable for the debt along with the debtor and on the grounds that the automatic stay provided in section 362(a)(3) of the Bankruptcy Code prohibits actions against Senior.
"The automatic stay is a fundamental debtor protection" In re Harris, 16 B.R. 371, 375 (Bkrtcy. Tenn. 1982). "11 U.S.C. § 1301 is designed to protect a debtor operating under a Chapter 13 individual prepayment plan case by insulating him from indirect pressures from his creditors exerted through friends or relatives that may have co-signed the obligation of the debtor." In re Harris, supra at 376. "A debtor's co-debtors, unless they have also filed for relief, are not entitled to be protected under the Bankruptcy Code except as specified under section 1301." In re Britts, 18 B.R. 203, 206, (Bkrtcy. Ohio 1982). As section 1301 makes clear, the automatic stay applies only to actions taken to collect a "consumer debt". 11 U.S.C. § 1301(a). "Consumer debt" is one "incurred by an individual primarily for a personal, family or household purpose. . . ." 11 U.S.C. § 101(7). "(T)he test for determining whether a debt should be classified as a business debt, rather than a debt acquired for personal, family or household purposes, is whether it was incurred with an eye towards profit." In re Booth,858 F.2d 1051, 1055 (5th Cir. 1988). In the present action, the claims arise from an alleged breach of an agreement to sell a particular piece of property and, in view of the "for profit" nature of the transaction, Senior cannot be afforded the shelter provided by section 1301.
11 U.S.C. § 362(a)(3) stays any action "whether against debtor or third parties to obtain possession or to exercise control over property of the debtor." A.H. Robins Co. Inc. v. Piccinin,788 F.2d 994, 1001 (4th Cir. 1986), cert. denied, 479 U.S. 876, 107 CT Page 11477 S.Ct 251, 93 L.Ed.2d 177 (1986). It is therefore apparent that much of the relief requested by the plaintiff, such as specific performance, cannot be granted because of the automatic stay provisions of the Bankruptcy Code. However, the complaint also asserts claims which are not directed at the property of the debtor e.g., that the plaintiffs gave Senior the sum of $55,000 which should be returned to them on the basis that Senior has breached the agreement. The automatic stay provisions of section 362 applies only to debtors. In re Metal Center Inc., 31 B.R. 458,462 (Bkrtcy. Conn. 1983). In re Safeguard Mfg. Co, 25 B.R. 415, 417
(Bkrtcy. Conn. 1982); see Teachers Ins. and Annuity Ass'n of America v. Butler, 803 F.2d 61, 65 (2nd Cir. 1986). Accordingly, Senior cannot rely upon the provisions to obtain a stay of proceedings in this court.
The court is of the view that the claims against Senior should be allowed to proceed in so far as those claims do not involve claims regarding the bankrupt estate. Senior asserts that the claims against him are intertwined with the bankruptcy proceedings so that a stay is necessary. The court is aware of the nature of the transaction involved in the present case as alleged in the pleadings but is unaware of the nature and scope of the bankruptcy proceedings. The court therefore issues the following ruling:
The claims filed by William O'Boy, Sr. asserting the existence of, or requesting, a stay proceedings are hereby denied; the effect of the court's order however shall be stayed to and including January 29, 1993 so as to allow the parties the opportunity to seek relief in the Bankruptcy Court with regard to the claim that a stay is necessary for the protection of the bankrupt estate. If such relief is sought from the bankruptcy court, William O'Boy, Sr. is directed to file a notice thereof in this court as soon as possible after the relief is requested. If such relief is sought, then the effect of the order of this court will be further stayed until a ruling by the bankruptcy court and William O'Boy, Sr. is further directed to file with this court any such order or ruling issued by the Bankruptcy Court as soon as possible after the date of its issuance. In the event that such relief is not sought from the Bankruptcy Court, or is denied by the Bankruptcy Court, the order of this court remains in full force and effect.
RUSH, J. CT Page 11478