In re CLOUD NINE, LTD., Debtor.

Ira RUPP et al., Plaintiffs,

v.

CLOUD NINE, LTD., et al., Defendants.

Bankruptcy No. 79–01160P.
Adv. No. 79–0009.

United States Bankruptcy Court,
D. New Mexico.

Jan. 31, 1980.

Kenneth C. Downes, Albuquerque, N. M., for Cloud Nine, Ltd.

Stanley Sager, Albuquerque, N. M., for Ira Rupp and Waterfall, Inc.

C. LeRoy Hansen and Carl J. Butkus, Albuquerque, N. M., for defendants Jack Stahl, et al.

Patrick Villella, Albuquerque, N. M., for defendants Sky-Hi Development Co., et al.

FINAL ORDER ON COMPLAINT TO
LIFT AUTOMATIC STAY

LOUIS PUCCINI, Jr., Bankruptcy Judge.

This matter having come on for hearing on Wednesday, January 23, 1980, with Cloud Nine, Ltd., appearing by its counsel, Kenneth C. Downes; Plaintiffs appearing by their counsel, Stanley Sager; Defend-

ants Jack Stahl, Phil Raby, Bill Hooten, J. W. McLean, Douglas Bass and Hooten & Stahl, Inc., appearing by their counsel, C. LeRoy Hansen and Carl Butkus; Defendants Sky-Hi Development Co., Daniel E. Conley, Jr., T. A. Bonnell, Maurice Hobson, Kenneth C. Bonnell, Dan W. King, Daniel R. King, David C. King, Mark B. Sloan, Sr., Richard Hackett, Frank L. Sturges, the Estate of William C. Schauer, deceased, Henri O. Plante, William H. Sultemeier, Lawrence C. Harris and John S. Hawkes, appearing by their counsel, Patrick Villella; and none of the other party Defendants having appeared in person or by counsel, and the arguments of all counsel having been considered, and no testimony having been offered, the Court hereby enters the following:

THE COURT FINDS:

This Complaint is to lift the automatic stay in order to allow Plaintiffs to continue their state court suit, Ira Rupp, et al., vs. Cloud 9, Ltd., et al., Number CV–73–79, which is pending in the Otero County District Court.

■ Plaintiffs have voluntarily abandoned their request to lift the stay with respect to certain portions of their state court complaint as those claims for relief are in direct opposition to the nature and purpose of these proceedings. These claims include dissolution of the partnership, appointing a special master, liquidating the partnership and a request for an accounting and return of certain assets of Cloud Nine, Ltd. The remaining portion of Plaintiffs' request is directed to allowing the state court proceeding to continue so that the various claims of the parties can be liquidated or to allowing Plaintiffs to continue their suit against other Defendants not protected by the stay. In addition, there is pending in the state court suit several cross-claims and counterclaims by and against the Debtor; and based on representations of counsel, there will be additional claims against Debtor if the suit is allowed to proceed. Although the Court does not attempt to categorize all claims by or against the Debtor and other parties in the state court suit, it appears that the issues are so intertwined that complete litigation may not be possible without the participation of the Debtor. Additionally, although the Court has been advised that the Debtor is an indispensible party to the litigation, that issue belongs properly to the state court and has yet to be determined.

■ It appears that most, if not all, of the numerous parties in the state court case are claimants against the Debtor in the bankruptcy proceeding. It is no longer necessary for a creditor to file a Proof of Claim in order for a bankruptcy court to acquire jurisdiction. A bankruptcy court now has jurisdiction over "all civil proceedings arising under Title 11 or arising in or related to cases under Title 11." 28 U.S.C. § 1471. However, on December 6, 1979, Plaintiffs Ira Rupp and Waterfall, Inc., filed Proof of Claim # 3, in this Court for $3,340,000.00. Accordingly, the Court has exclusive jurisdiction to determine the validity of this claim or the claims of any other creditor. This Court has no desire to relinquish its proper function to other courts.

■ Section 362(a)(1) stays the commencement or continuation of a proceeding to recover a claim against the Debtor that arose before the commencement of the bankruptcy proceeding. Plaintiffs' claims obviously arose prior to the present proceeding in bankruptcy. In addition, 11 U.S.C. § 101(4) defines a "claim" as a:

. . . right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, secured or unsecured; or (B) right to an equitable remedy for breach of performance if such breach gives rise to a right to payment.

Therefore, it appears that the claims of Plaintiffs or any other claimants, even though unliquidated in the state court suit, are proper claims in this Court and any disputes thereon, if any, should be decided in these proceedings, not in the state court. There is no requirement to liquidate the claim before it is brought in this Court.

■ However, although the Court may have ultimate jurisdiction over the claims, "it will often be more appropriate to permit proceedings to continue in their place of origin, when no great prejudice to the bankruptcy estate would result." *Comment*, 11 U.S.C. § 362, 1979, Collier Pamphlet Ed. In addition, 11 U.S.C. § 362(d) indicates the stay may be modified "for cause." It is contended in the present proceeding that cause exists by virtue of the desire to liquidate and determine those claims asserted against the Debtor by the various parties to the state court action. However, Plaintiffs and other claimants in the state court suit are not claiming security interests in any property of the Debtor. Therefore, usual questions of evaluation, equity and adequate protection do not arise. It has been represented that the Debtor may be prejudiced by its inability to employ a separate attorney for the state court case. In addition, it is contended that prejudice may result from a determination of claims which would ultimately affect the interests of other creditors and property owners. Relief from the stay, if granted, excluding the obviously prejudicial requests listed herein, which have been withdrawn by Plaintiffs in this proceeding, will result in at best only a partial resolution of the issues and at worst will further complicate issues and result in needless relitigation.

The Court sees little if any justification to continue the litigation in the state court case as to the Debtor. All of those issues concerning the Debtor can be litigated in this Court. Additionally, litigation in this Court will allow other creditors, the creditors committee and the property owners' creditors committee, and other interested parties to participate in any issue which may affect their interest.

However, the stay only applies to those formal or informal efforts of creditors set forth in Section 362 (11 U.S.C. § 362) and directed against its assets. *In Re Francis Smith*, 1 CBC 2d 152. The automatic stay does not preclude creditor actions against other parties who have not filed proceedings in this Court.

Section 1301, in a Chapter 13 proceeding, allows for stays against co-debtors. No application has been made to stay creditor actions against co-debtors, sureties, or co-signors of the Debtor and the issue of whether it is proper to issue such an order in this case is not before the Court.

Plaintiffs and the other claimants or creditors are not prejudiced by the continued stay of the state court proceedings, since they may raise any issues they wish against the Debtor in this Court or may remove the state court case to a bankruptcy court (28 U.S.C. § 1478). However, removal has not been attempted by any party.

The Court is aware that some of the other parties in the state court proceeding may be attempting to hide behind the relief afforded by the stay. This Order is not to be interpreted as a shield precluding Plaintiffs and other parties from raising any issues they may have against each other which do not affect the Debtor. Those issues which involve the Debtor and are precluded by § 362 are hereby stayed. Those issues which do not involve the Debtor may proceed. The Court does not determine whether the Debtor is an indispensible party in Cause No. Cv–73–79, Rupp, et al., vs. Cloud 9, Ltd., et al., now pending in the Otero County District Court. That issue is properly with the Otero County District Court.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that Plaintiffs and all other parties to the Otero County District Court, Cause No. Cv–73–79, are stayed from proceeding against the Debtor to the extent provided by § 362 of the Bankruptcy Code.

IT IS FURTHER ORDERED that Plaintiffs herein and any other parties thereto may continue litigation in Cause No. CV–73–79, Otero County District Court, concerning any and all other issues between and among themselves which do not effect the Debtor or violate the automatic stay as herein provided.