Lincoln LYNCH, et al.,
Plaintiffs-Respondents,

v.

JOHNS–MANVILLE SALES CORP.,
et al., Defendants,

Raymark Industries, Inc., et al.,
Defendants-Petitioners.

Nos. 82–8413, 82–8418, 82–8426 to
82–8432 and 82–8435.

United States Court of Appeals,
Sixth Circuit.

Feb. 22, 1983.

Richard D. Heiser, Strauss, Troy & Ruehlmann Co., L.P.A., Cincinnati, Ohio, for National Gypsum Company.

Jack C. McGowan, Baden, Jones, Scheper & Crehan Co., L.P.A., Hamilton, Ohio, for Armstrong World Ind.

Robert E. Sweeney, Robert E. Sweeney Co., L.P.A., Cleveland, Ohio, John P. Harrington, Cincinnati, Ohio, for Lincoln Lynch.

Thomas M. Green, Dayton, Ohio, for Raymark Ind.

Neil F. Freund, Young & Alexander Co., L.P.A., Dayton, Ohio, for Keene Bldg.

Thomas L. Eagen, Jr., Paxton & Seasongood, Cincinnati, Ohio, for Fibreboard.

John H. Burtch, Baker & Hostetler, Columbus, Ohio, for GAF Corp.

Michael Eagen, Bloom & Green, Cincinnati, Ohio, for Celotex Corp.

Frederick J. McGavran, Frost & Jacobs, Cincinnati, Ohio, for defendant.

Before LIVELY, MARTIN and KRUPANSKY, Circuit Judges.

PER CURIAM.

These matters are before the court upon consideration of petitions for permission to appeal and briefs in opposition thereto.

The petitioners are defendants in product liabilities cases where damages are sought against various manufacturers, processors and users of asbestos materials. Two of the defendants in these actions, Johns-Manville Sales Corp. and Unarco Industries, Inc., filed Chapter 11 proceedings in bankruptcy courts. Pursuant to § 362(a) of the Bankruptcy Code all proceedings against the two filing defendants were automatically stayed. The petitioners, as co-defendants of Johns-Manville and Unarco, then filed motions in the district court to stay the pending actions until the Chapter 11 proceedings of Johns-Manville and Unarco are complete.

The district court filed an opinion and order denying the motion for a stay and certifying its order for immediate appeal pursuant to 28 U.S.C. § 1292(b). The petitioners filed applications for permission to appeal to this court as required by § 1292(b), and the matter has been assigned to a panel of the court. Upon consideration

we conclude that the purposes of § 1292(b) will be served by granting an immediate appeal.

Accordingly, the application for permission to appeal is granted, and the appeal is expedited. The clerk of the court will establish a briefing schedule and set these appeals for oral argument in due course.