710 F.2d 1194
 8 Collier Bankr.Cas.2d 1301, 10 Bankr.Ct.Dec. 1282,
Bankr. L. Rep. P 69,317
 Lincoln LYNCH, et al., Plaintiffs-Appellees,
v.
JOHNS-MANVILLE SALES CORPORATION, et al., Defendants,
Raymark Industries, Inc., et al., Defendants-Appellants
(83-3118, 83-3120, 83-3121, 83-3122, 83-3123,
83-3124, 83-3125, 83-3126),
Armstrong World Industries, Defendant-Appellant (83-3119),
National Gypsum Company, Defendant-Appellant (83-3127).
 Nos. 83-3118, 83-3119, 83-3120, 83-3121, 83-3122, 83-3123,
83-3124, 83-3125, 83-3126 and 83-3127.
 United States Court of Appeals,
Sixth Circuit.
 Argued May 24, 1983.
Decided July 1, 1983.
 
 Frederick J. McGavran, Frost & Jacobs, Cincinnati, Ohio, for defendants in No. 3118.
 Jack McGowan, Baden, Jones, Scheper & Crehan Co., L.P.A., Hamilton, Ohio, for defendant-appellant in No. 3119.
 John P. Harrington, Cincinnati, Ohio, for plaintiffs-appellees in No. 83-3118 and 83-3119.
 Neil F. Freund, Young & Alexander Co., L.P.A., Dayton, Ohio, for Keene Bldge. in Nos. 3118, 3120, 3123, 3124 and 3125.
 John H. Burtch (argued), Baker & Hostetler, Columbus, Ohio, for GAF Corp. in Nos. 3118, 3120, 3121, 3122, 3124 and 3125.
 Michael D. Eagen, Bloom & Greene Co., L.P.A., Cincinnati, Ohio, for Celotex Corp. in Nos. 3118, 3120, 3121, 3122, 3123, 3124 and 3125.
 Thomas M. Green (argued), Dayton, Ohio, for defendants-appellants in all cases.
 Antonio D. Pyle, Joan P. Feldman, Pittsburgh, Pa., Melvin I. Friedman, Kreindler & Kreindler, New York City, for plaintiffs-appellees in Nos. 3120, 3121, 3123 and 3126.
 Richard D. Heiser, Strauss, Troy & Ruehlmann, Co., L.P.A., Cincinnati, Ohio, for defendant-appellant in No. 83-3127.
 Thomas W. Henderson, Baskin & Sears, Pittsburgh, Pa., Fredric Tilton, Cincinnati, Ohio, for plaintiffs-appellees in Nos. 3120, 3121, 3122, 3123, 3124, 3125 and 3126.
 Thomas H. Terry, III (argued), Robert E. Sweeney Co., L.P.A., Cleveland, Ohio, for plaintiffs-appellees in all cases.
 Before ENGEL and KRUPANSKY, Circuit Judges, and BROWN, Senior Circuit Judge.
 KRUPANSKY, Circuit Judge.
 
 
 1
 These consolidated appeals join inquiry into the legal impact upon pending asbestos actions of petitions for reorganization which have been filed pursuant to Chapter 11 of the Bankruptcy Code, 11 U.S.C. Sec. 1101 et seq. (Code), by Unarco Industries, Inc. (Unarco)[1] and Johns-Manville Sales Corporation (J-M),[2] both of which are defendants in thousands of asbestos cases pending in the state and federal forums throughout the nation. As Chapter 11 petitioners, all proceedings against Unarco and J-M were automatically stayed by the mandate imposed by 11 U.S.C. Sec. 362. The bankruptcy court presiding over J-M's petition has refused to broaden the automatic stay of proceedings afforded the debtor under Sec. 362 to the co-defendants of J-M in asbestos actions pending throughout the country. It has also refused to permit the suits against J-M to proceed to judgment. See: In re Johns-Manville Corporation, et al., 26 B.R. 420, adversary proceeding No. 82-6221A, Decision No. 1 (Bkrtcy.S.D.N.Y.1983). Similarly, the bankruptcy court presiding over Unarco's petition has refused to lift the stay against Unarco. See: In re UNR Industries, Inc., 23 B.R. 144 (Bkrtcy.N.D.Ill.1982). The removal of Unarco and J-M as defendants in thousands of pending asbestos actions has generated concern by co-defendants who characterize themselves as "minor" defendants.
 
 
 2
 The two Chapter 11 debtors, Unarco and J-M, were party defendants in Lynch v. Johns-Manville Sales Corporation, et al., 23 B.R. 750, pending before Judge Spiegel, United States District Court for the Southern District of Ohio. Two solvent defendants in Lynch, Raymark Industries and Keene Corporation, moved the court for a stay of the proceedings pending against them under 11 U.S.C. Sec. 362, Rule 19, Fed.R.Civ.P., and the court's inherent powers. The motions were denied by memorandum opinion and order dated October 5, 1982. The order was subsequently adopted by reference in denial of similar motions by other solvent co-defendants of Unarco and/or J-M in other asbestos actions pending before Judge Spiegel. Bender v. Johns-Manville Sales Corp., et al., No. C-1-81-900; Burke v. Johns-Manville Sales Corp., et al., No. C-1-81-289; Carle v. Johns-Manville Sales Corp., et al., No. C-1-82-214; Chaddock v. Johns-Manville Sales Corp., et al., No. C-1-82-501; Goad v. Johns-Manville Sales Corp., et al., No. C-1-82-127; Phillips v. Johns-Manville Sales Corp., et al., No. C-1-82-299; and Milford v. Dana Corp., No. C-1-82-362. The foregoing orders denying motions to stay these asbestos proceedings were certified by the district court for immediate appeal pursuant to 28 U.S.C. Sec. 1292(b) and this Court granted applications for permission to appeal. Lincoln Lynch, et al. v. Johns-Manville Sales Corp., et al., 701 F.2d 42 (6th Cir.1983).
 
 
 3
 Confronting the initial inquiry of whether the automatic stay provision, 11 U.S.C. Sec. 362(a), may be invoked by the solvent co-defendants of Unarco and J-M to stay proceedings against them, it is noted that said provision facially stays proceedings "against the debtor" and fails to intimate, even tangentially, that the stay could be interpreted as including any defendant other than the debtor:
 
 Sec. 362. Automatic stay
 
 4
 (a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title operates as a stay, applicable to all entities, of--
 
 
 5
 (1) the commencement or continuation, including the issuance or employment or process, of a judicial, administrative, or other proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;
 
 
 6
 It is universally acknowledged that an automatic stay of proceeding accorded by Sec. 362 may not be invoked by entities such as sureties, guarantors, co-obligors, or others with a similar legal or factual nexus to the Chapter 11 debtor. See: In re Fintel, 10 B.R. 50 (Bkrtcy.Or.1981) (surety); Matter of Earth Lite, Inc., 9 B.R. 440 (Bkrtcy.Fla.1981) (guarantor); In re The Van Shop, Inc., 8 B.R. 73 (Bkrtcy.N.D.Ohio 1980) (co-obligor); In re Aboussie Brothers Construction Co., 8 B.R. 302 (E.D.Mo.1981) (individual partners of bankrupt partnership); GMAC v. Yates Motor Co., 159 Ga.App. 215, 283 S.E.2d 74 (1981) (joint tortfeasors); In re Smith, 14 B.R. 956 (Bkrtcy.D.C.Conn.1981) (guarantor on student loan); In re The Bank Center, Ltd., 15 B.R. 64 (Bkrtcy.W.D.Pa.1981) (partners of bankrupt partnership); In re Larmar Estates, Inc., 5 B.R. 328 (Bkrtcy.E.D.N.Y.1980) (guarantors of loan); In re Cloud Nine, 3 B.R. 202 (Bkrtcy.D.N.Mex.1980) (co-debtors); In re Trammel Road Townshouses, Ltd., 5 B.C.C. 314 (N.D.Ga.1977); Globe Construction Co. v. Oklahoma City Housing, 571 F.2d 1140 (10th Cir.1978). Contra: In re White Motor Credit Corp., 11 B.R. 294 (Bkrtcy.N.D.Ohio 1981) (dictum), rev. on other grounds, 23 B.R. 276 (N.D.Ohio 1982).
 
 
 7
 The legislative history of Sec. 362 discloses a congressional intent to stay proceedings against the debtor, and no other, to preserve the status quo of the estate in an effort to ultimately effect and implement, to the extent possible, a successful and equitable reorganization or liquidation.[3] The Notes of the Committee on the Judiciary identify the debtor as the intended primary congressional beneficiary of the stay:
 
 
 8
 The automatic stay is one of the fundamental debtor protections provided by the bankruptcy laws. It gives the debtor a breathing spell from his creditors. It stops all collection efforts, all harassment, and all foreclosure actions. It permits the debtor to attempt a repayment or reorganization plan, or simply to be relieved of the financial pressures that drove him into bankruptcy.
 
 
 9
 See: S.Rep. No. 95-989, 95th Cong., 2d Sess. 54-55 (1978) reprinted in U.S.Code Cong. & Admin.News, 1978, pp. 5787, 5840-5841. The stay of proceedings was intended to promote an orderly reorganization or liquidation of the debtor's estate thereby benefiting, secondarily, creditors of the estate:
 
 
 10
 The automatic stay also provides creditor protection. Without it, certain creditors would be able to pursue their own remedies against the debtor's property. Those who acted first would obtain payment of the claims in preference to and to the detriment of other creditors. Bankruptcy is designed to provide an orderly liquidation procedure under which all creditors are treated equally. A race of diligence by creditors for the debtor's assets prevents that.
 
 
 11
 H.R.Rep. No. 95-595, 95th Cong., 2d Sess. 340 (1978), reprinted at U.S.Code Cong. & Admin.News, 1978, p. 6297. Nothing in the legislative history counsels that the automatic stay should be invoked in a manner which would advance the interests of some third party, such as the debtor's co-defendants, rather than the debtor or its creditors. This Court concurs with the district court's conclusion that "it would distort congressional purpose to hold that a third party solvent co-defendant should be shielded against his creditors by a device intended for the protection of the insolvent debtor" and creditors thereof. See also: In re Related Asbestos Cases, 23 B.R. 523, 527 (N.D.Cal.1982); In re UNR Industries, Inc., 23 B.R. 144 (Bkrtcy.N.D.Ill.1982); Ashworth v. Johns-Manville, et al., Nos. C78-470, C81-1545, C77-4088, C79-167 (N.D.Ohio Mar. 21, 1983) at 4.
 
 
 12
 It is a fundamental rule of statutory construction that inclusion in one part of a congressional scheme of that which is excluded in another part reflects a congressional intent that the exclusion was not inadvertent. See: Equal Employment Opportunity Commission v. Kimberly Clark Corp., 511 F.2d 1352, 1362 (6th Cir.), cert. denied, 423 U.S. 994, 96 S.Ct. 420, 46 L.Ed.2d 368 (1975). In particular, this Court has acknowledged the Bankruptcy Act as a detailed and calculated statutory scheme particularly appropriate to in pari materia construction. See: In re Bell, 700 F.2d 1053 (6th Cir.1983) (construing Chapters 7 and 13 in pari materia); In re Fulghum Construction Corporation, 706 F.2d 171 (6th Cir.1983) (construing subsections of 11 U.S.C. Sec. 547 in pari materia). In the action sub judice, such a construction of Chapters 11 and 13 of the Code support the proposition that Congress did not envision or intend the automatic stay of proceedings to be available to solvent co-defendants of a Chapter 11 debtor. Particularly, Chapter 13 expressly stays proceedings of creditors against co-debtors of the petitioner, 11 U.S.C. Sec. 1301(a), whereas similar language is significantly absent from Chapter 11. Not only is the absence of any expansion of the scope the stay in Chapter 11 probative of congressional intent but, further, the pronouncement which does appear in Chapter 13 is extremely limited; it applies only to co-debtors rather than, as in the action at bar, co-defendants of the petitioner. Accordingly, in pari materia construction of Chapters 11 and 13 counsel that Congress did not envision or intend the Sec. 362 stay to be utilized in a manner other than for the purpose of protecting the debtor and its estate. See also: In re Related Asbestos Cases, supra, 23 B.R. at 528; Pitts v. Unarco Industries, Inc., 698 F.2d 313 (7th Cir.1983); In re Massachusetts Asbestos Cases, M.B.L. Nos. 1 & 2 (D.Mass. Sept. 23, 1982); In re Stay of Proceedings Against Defendants Johns-Manville Corporation and Unarco Industries, Inc., 99 Wash.2d 193, 660 P.2d 271 (S.C.Wash.1983) (en banc); Clutter v. Johns-Manville, et al., No. C-78-1229 (N.D.Ohio Aug. 2, 1982); In re UNR Industries, Inc., supra.
 
 
 13
 The solvent co-defendants of Unarco and J-M also urge a judicial classification of the Chapter 11 debtors as "indispensible" so as to mandate a stay of proceedings under Rule 19, Fed.R.Civ.P.[4] Although the actions consolidated on appeal are uniformly predicated upon diversity, the issue of joinder and indispensability is one of federal law. Provident Tradesmans Bank & Trust Co. v. Patterson, 390 U.S. 102, 125, note 22, 88 S.Ct. 733, 746, note 22, 19 L.Ed.2d 936 (1968). It is beyond peradventure that joint tortfeasors are not indispensable parties in the federal forum. See: Field v. Volkswagenwerk-AG, 626 F.2d 293, 298 n. 7 (3d Cir.1980); Herpich v. Wallace, 430 F.2d 792, 817 (5th Cir.1970); Windert Watch Co., Inc. v. Remex Electronics, Ltd., 468 F.Supp. 1242, 1246 (S.D.N.Y.1979); 7 Wright & Miller, Federal Practice and Procedure, Sec. 1623 at 241-42 (1973 & Supp.1981); Royal Truck and Trailer v. Armadora Maritime Salvadorena, 10 B.R. 488 (N.D.Ill.1981); Jett v. Phillips & Associates, 439 F.2d 987 (10th Cir.1971); Sandobal v. Armour & Co., 429 F.2d 249 (8th Cir.1970); 3A Moore, Federal Practice p 19.07(1) (2d ed. 1967). Indeed, the Advisory Committee Notes accompanying Rule 19 provide that "a tortfeasor with the usual 'joint and several' liability is merely a permissive party to an action against another with like liability" and "Joinder of these tortfeasors continues to be regulated by Rule 20". Since the complaints at bar allege conditions of asbestosis resulting from exposure to products of both the solvent co-defendants and Unarco and/or J-M, the Chapter 11 debtors are joint tortfeasors and accordingly not indispensable. See also: In re Related Asbestos Cases, 23 B.R. 523 (N.D.Cal.1982); Austin v. Unarco Industries, Inc., 705 F.2d 1 (1st Cir.1983); Ashworth v. Johns-Manville Sales Corp., Case Nos. C78-470, C81-1545, C77-1088, C79-167 (N.D.Ohio Mar. 21, 1983); In re Stay of Proceedings Against Defendants Johns-Manville Corp. v. Unarco Industries, Inc., 99 Wash.2d 193, 660 P.2d 271 (S.C.Wash.1983) (en banc ).
 
 
 14
 Last, the solvent co-defendants of Unarco and J-M implore this Court to invoke its inherent power to stay proceedings. Landis v. North American Co., 299 U.S. 248, 57 S.Ct. 163, 81 L.Ed. 153 (1936). It is submitted that the factors incorporated in Rule 19(b), Fed.R.Civ.P., as interpreted in Provident Tradesmens Bank & Trust Co. v. Patterson, 390 U.S. 102, 88 S.Ct. 733, 19 L.Ed.2d 936 (1968), should be employed, by analogy, to determine of such inherent power should be exercised. Particularly, the solvent co-defendants conjecture that a continuation of proceedings in the absence of J-M and Unarco will result in multiple and piecemeal litigation on a scale heretofore unknown in the history of American jurisprudence; initial litigation would transpire in the state and federal forums and then duplicative litigation would issue in the respective bankruptcy forums for indemnity or contribution thereby adversely impacting upon valuable judicial resources and generating a risk of inadequate and conflicting adjudications. Additionally the solvent co-defendants assert that the automatic stay of 11 U.S.C. Sec. 362 precludes discovery upon J-M and Unarco thereby seriously compromising their ability to successfully defend pending actions.
 
 
 15
 Confronting these arguments, it is initially observed that any duplicative or multiple litigation which may occur is a direct by-product of bankruptcy law. As such, the duplication, to the extent that it may exist, is congressionally created and sanctioned. More importantly, however, any benefits which may derive to the solvent co-defendants from a stay are clearly outweighed by the countervailing interests of the plaintiffs. As the First Circuit has cogently observed:
 
 
 16
 In a number of those [asbestos] cases, plaintiffs and crucial witnesses are dying. We are not persuaded that the hardship to defendants of having to go forward on this appeal without Unarco, or the interests of judicial economy in avoiding relitigation of the issues, are strong enough to justify forcing plaintiff and a number of other plaintiffs to wait until bankrupt defendants are successfully reorganized in order to be able to pursue their claims.
 
 
 17
 Austin, supra, 705 F.2d at 5. The First Circuit's implicit concern that time is of the essence in the prosecution of asbestos cases is further amplified by the unknown and potentially unlimited duration of the stay which, to successfully avoid duplicative litigation, must necessarily issue until reorganization is effected:
 
 
 18
 A "temporary" stay which was keyed to the resolution of the pending "relief-from-stay" petitions in the bankruptcy courts could, indeed, become one of nearly "indefinite," or, at least, unpredictable duration. These plaintiffs should not be thus denied a forum in which to pursue their claims against those defendants who remain unshielded by the bankruptcy laws.
 
 
 19
 In re Related Asbestos Cases, supra, 23 B.R. at 532.
 
 
 20
 Accordingly, this Court finds no basis in law or equity for staying proceedings of the solvent co-defendants of Unarco and J-M until such time as said debtors have been reorganized or liquidated. The orders of the district court denying motions for stays are therefore AFFIRMED. This judgment is without prejudice to the appellants to seek, in the appropriate forum, authorization to conduct discovery upon Johns-Manville and Unarco.
 
 
 
 [1]
 Unarco filed its petition in the United States Bankruptcy Court for the Northern District of Illinois on July 29, 1982
 
 
 [2]
 J-M filed its petition in the United States Bankruptcy Court for the Northern District of New York on August 26, 1982
 
 
 [3]
 In Paden v. Union for Experimenting Colleges & Universities, 7 B.R. 289 (N.D.Ill.1980), the stay was construed as designed to
 prevent the dissipation or diminution of the bankrupt's assets during the pendency of the Chapter XI proceeding ... and to avoid the multiplicity of claims in different forms against the estate.
 Id. at 290 (describing the predecessor to Sec. 362). See also: In re Holtkamp, 669 F.2d 505 (7th Cir.1982).
 
 
 [4]
 Rule 19 provides in pertinent part:
 (a) Persons to be Joined if Feasible. A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest. If he has not been so joined, the court shall order that he be made a party. If he should join as a plaintiff but refuses to do so, he may be made a defendant, or, in a proper case, an involuntary plaintiff. If the joined party objects to venue and his joinder would render the venue of the action improper, he shall be dismissed from the action.
 (b) Determination by Court Whenever Joinder not Feasible. If a person as described in subdivision (a)(1)-(2) hereof cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable. The factors to be considered by the court include: first, to what extent a judgment rendered in the person's absence might be prejudicial to him or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.