**In re INDUSTRIAL SUPPLY CORPORATION, Debtor.**

**Robert L. STOBER, Liquidating Trustee, Plaintiff,**

v.

**STEELINTER USA, INC., Defendant.**

**Bankruptcy No. 87–6438–8P1.**

**Adv. No. 89–165.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

Dec. 14, 1989.

Robert Stober, Clifton, N.J., pro se.

Robin S. Trupp, Tampa, Fla., for defendant.

### ORDER ON MOTION FOR RECONSIDERATION

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a confirmed Chapter 11 case. The Plan of Reorganization calls for total

liquidation of the assets of Industrial Supply Corporation (Debtor) by Robert L. Stober (Liquidating Trustee). As part of the liquidation process, the Liquidating Trustee filed numerous adversary proceedings, all of which involved suits to recover preferential payments allegedly made by the Debtor within the prohibitive 90 day period to several of its suppliers, including Steelinter USA, Inc. (Steelinter), the Defendant named in this adversary proceeding.

On November 25, 1987, the Debtor filed its Petition for Relief under Chapter 11 of the Bankruptcy Code. The procedural background of this controversy, which centers around Steelinter's right to a trial by jury, can be summarized as follows:

On December 14, 1987, Steelinter filed an adversary proceeding and sought to reclaim goods sold by it to the Debtor. The right to reclaim asserted by Steelinter was based on Section 546(c) of the Bankruptcy Code which recognizes the statutory or common-law right of seller of goods to reclaim the goods sold to an insolvent buyer. On January 26, 1988, this Court entered a final judgment in favor of Steelinter based on a stipulation between Steelinter and the Debtor-in-Possession and ordered the Debtor-in-Possession to return to Steelinter the goods Steelinter sought to reclaim. Steelinter never filed a formal proof of claim.

The instant complaint was filed by the Liquidating Trustee on April 13, 1989 against Steelinter.

On July 6, 1989, Steelinter filed its answer to the first amended complaint filed by the Liquidating Trustee. In its answer, in addition to general denials, Steelinter also set forth several affirmative defenses but did not demand a trial by jury. At the conclusion of the pre-trial conference on August 10, 1989, this Court entered an order, continued the pre-trial conference and granted the Liquidating Trustee leave to amend his complaint. On June 19, 1989, the Liquidating Trustee filed his amended complaint. On August 28, 1989, Steelinter filed its answer to the second amended complaint. Steelinter again failed to demand a trial by jury in its answer and no

such demand was made by Steelinter until September 7, 1989, or the tenth day after its last answer. On September 14, 1989, this Court entered an Order ex parte and granted Steelinter's request for a trial by jury. On September 18, 1989 the Liquidating Trustee filed a Motion for Reconsideration and this is the matter presently under consideration in which the Liquidating Trustee seeks a reconsideration of the ex parte order which granted Steelinter's demand for trial by jury.

The genesis of the issue under consideration is, of course, the Supreme Court's decision in *Granfinanciera v. Nordberg (In re Chase & Sanborn)*, —— U.S. ——, 109 S.Ct. 2782, 106 L.Ed.2d 26, 19 B.C.D. 493 (1989). In this case the majority of the Supreme Court held that the parties sued in the bankruptcy court by the trustee who seeks to obtain a money judgment pursuant to Section 548 of the Bankruptcy Code based on an alleged fraudulent transfer is entitled to trial by jury. Justice Brennan, speaking for the majority, concluded that in an action to recover a money judgment by the trustee, the defendant's right to a trial by jury is guaranteed by the Seventh Amendment and is preserved in spite of the fact that an action to set aside a fraudulent transfer was classified by Congress as a "core" proceeding (28 U.S.C. § 157(b)(H)) in which a bankruptcy judge is empowered to enter a final dispositive judgment in the event the district court entered the general reference pursuant to 28 U.S.C. Section 157(a). Although *Granfinanciera* dealt with an action to set aside fraudulent transfer, the majority intimated, by way of dicta that the same rule would also apply to actions to recover a preferential transfers pursuant to Section 547 filed by the trustee. However, the majority qualified its holding by stating that the right to a trial by jury in an action commenced by the trustee pursuant to Section 548 is limited to instances (1) where the trustee seeks to recover a money judgment and (2) where the creditor, the recipient of the transfer attacked, did not file a proof of claim. This qualification represented a quantum leap, albeit not into the future, but back to an almost forgotten past, by relying for its

holding on the pre-Code cases of *Schoenthal v. Irving Trust Co.*, 287 U.S. 92, 53 S.Ct. 50, 77 L.Ed. 185 (1932) and *Katchen v. Landy*, 382 U.S. 323, 86 S.Ct. 467, 15 L.Ed.2d 391 (1966). Both *Schoenthal* and *Katchen* were decided by the Supreme Court under the Act of 1898 when the jurisdiction of a referee in bankruptcy was limited to jurisdiction described as summary jurisdiction based on actual or constructive possession of areas involved in the controversy.

There is hardly any question that dichotomy between summary and preliminary jurisdiction lost all of its relevance with the enactment of the Bankruptcy Reform Act of 1978, *Pub.L. 95–598, 92 Stat. 2549 (Reform Act).* It is true that the jurisdictional structure of the Reform Act has been found to be wanting and failed to meet the constitutional muster and declared to be unconstitutional by the Supreme Court in *Northern Pipeline Construction Co. v. Marathon Pipeline Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982) and replaced by the enactment of The Bankruptcy Amendment and Federal Judgeship Act of 1984, Pub.L. 99–554, 100 Stat. (BAFJA). However, there is nothing in the current jurisdictional scheme, 28 U.S.C. § 157 and 28 U.S.C. § 1334(a), (b) or (c), which indicates that Congress intended to re-establish the dichotomy of summary versus preliminary jurisdictional concept. Notwithstanding, it appears that the majority's reliance on *Katchen* in *Granfinanciera* did indirectly reinstate the concept by holding that the right to a trial by jury in a preference action is lost if the creditor who received the transfer filed a proof of claim which was the holding by the Supreme Court in *Katchen.* This holding was in turn supported by the proposition that if the attack on the transfer in question was presented in connection with the procedure of allowance or disallowance of the claim actually filed by the recipient of the transfer under attack, the trustee's counterclaim seeking to set aside the transafer and recover the preference became equitable in nature thus no longer triable by jury. While the extent and the scope of the holding in *Granfinanciera* of the majority is yet to be learned,

especially in light of the fact that the majority refused to answer several important questions, notably the right of a bankruptcy judge to preside over jury trials without consent, the fact remains that the holding represents the law of the land therefore the decision of the Court in *Granfinanciera* is binding and cannot be disregarded.

Based on the foregoing, it is clear that Steelinter would be entitled to a right of a trial by jury unless this Court concludes that Steelinter, by filing the complaint for reclamation pursuant to Section 546(c) did, in fact, file a claim, therefore, lost its right to a jury trial even though Steelinter did not file an actual proof of claim as such. The Liquidating Trustee, in support of its position that Steelinter did in fact file a proof of claim, relies on the admittedly broad definition of the term "claim" by Section 101(4) of the Code. This Section defines a claim as (1) a right to payment and (2) a right to any equitable remedy for breach of performance provided the breach of performance gives right to payment.

The legislative history of Section 101(4) leaves no doubt that Congress did intend that the definition of "claim" should be interpreted in the broadest possible fashion and was intended to include any and all rights or obligations of a debtor no matter how remote or contingent, which are properly dealt with in a bankruptcy case. See *House Report No. 95–595, 95th Cong. 1st Sess. (1977) 309; Senate Report No. 95–989, 95th Cong. 2nd Sess. (1978) 21, U.S. Code Cong. & Admin.News 1978, pp. 5787, 5807–08, 6266.* See also, *In re Cloud Nine, Ltd.,* 3 B.R. 202 (Bkrtcy.D.N.M. 1980). *Matter of Thomas,* 12 B.R. 432 (Bkrtcy.S.D.Iowa 1981). Thus, in *Matter of Griffin Retreading Co.,* 795 F.2d 676 (8th Cir.1986) it was held that an action filed by a seller pursuant to Section 546(c) was held to be a claim. See also, *In re Rawson Food Service, Inc.,* 846 F.2d 1343 (11th Cir.1988).

No one can quarrel with these general propositions and one can even accept the premise that under the broad definition of the term "claim" an action by a seller of goods to recover the goods from an insol-

vent buyer pursuant to Section 546(c) was in fact presentation of a claim. However, the reliance of the Liquidating Trustee on the broad definition of the term "claim" and on the authorities cited, completely misses the mark. This is so because it completely overlooks the underlying reasoning of the majority in *Granfinanciera,* especially the rationale of the majority's holding and its reliance on *Katchen.* In *Katchen,* the creditor actually filed a proof of claim, allowance of which was challenged by the trustee pursuant to Section 57(g) of the Act of 1898. This Section provided, inter alia, that "the claims of creditors who have received or acquired preferences, liens, conveyances, transfers, assignments or encumbrances, void or voidable under this Act, shall not be allowed unless such creditors shall surrender such preferences, liens, conveyances, transfers, assignments, or encumbrances." In *Katchen* the trustee not only asserted the preference as a defense to the allowance of the claim but also sought, by way of a counterclaim, an affirmative recovery of the preference, i.e. a money judgment. The Supreme Court in this case held, based on *Schoenthal* that if a creditor did not file a proof of claim, it did not submit to the summary jurisdiction of the Bankruptcy Court but if in fact filed a claim it did since the resolution of the preference claim was inextricably involved and was an integral part of the process of allowance or disallowance of a claim under Section 57(g), a procedure in which there never was a right to trial by jury, the procedure considered at all times to be equitable in nature.

Section 502(d) of the Bankruptcy Code re-enacted the previous Section 57(g) and also provides that a claim of a creditor who received a transfer voidable by the trustee cannot be allowed unless the creditor surrenders the transfer which is found to be recoverable by the trustee under any of its special voiding powers, Sections 542, 543, 550, 553, 522(f), 522(h), 544, 545, 547, 548, 549 or 727(a). This adversary proceeding does not involve Section 502(d) and the resolution of a reclamation complaint filed by Steelinter did not bring into play the process of allowance or disallowance of a claim, a procedure held to be proper without the right to a trial by jury. For this reason, this Court is satisfied that the exception to the right of a trial by jury stated by the majority in *Granfinanciera* is not applicable.

Having concluded that since Steelinter did not file a proof of claim in the context of the claim filed in *Katchen,* the Liquidating Trustee's Motion for Rehearing or Reconsideration of the Order granting the Demand for Jury Trial is without merit and should be denied.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion for Reconsideration be, and the same is hereby, denied. It is further

ORDERED, ADJUDGED AND DECREED that a pretrial conference be, and the same is hereby, scheduled to be held before the undersigned on the 4th day of January, 1990 at 1:30 p.m., to determine amount of time necessary to conduct the jury trial.

DONE AND ORDERED.