**ISLAND NATIONAL INSURANCE COMPANY, Plaintiff**

**v.**

**CHAMPLAIN VILLAS LIMITED PARTNERSHIP, CORESTATES BANK, N.A. as successor in interest to FIRST PENNSYLVANIA BANK, N.A., DELORES PRICE, Individually and as Executrix of the ESTATE OF NELLIE VIOLET VICTORIA TOFFEN and SARASOHN & COMPANY, Defendants**

Civil No. 479/1990

Territorial Court of the Virgin Islands

Div. of St. Croix

August 19, 1992

NICHOLS, NEWMAN & SILVERLIGHT, Christiansted, St. Croix, V.I., *for plaintiff*

EDGAR D. ROSS, ESQ. (ROSS & CANNON), Frederiksted, St. Croix, V.I., *for defendant Champlain Villas*

JUDITH CONTE, ESQ., Christiansted, St. Croix, V.I., *for defendant Delores Price*

KEVIN A. RAMES, ESQ., Christiansted, St. Croix, V.I., *for defendant Sarasohn & Company, Inc.*

ELTMAN, *Judge*

## MEMORANDUM OPINION

Delores Price, one of the defendants in this matter, moves for modification of the bankruptcy stay of this litigation, in order to allow the resolution of cross-claims which purportedly do not pertain to the bankrupt party. For the reasons which follow, the motion will be denied.

## FACTS

This case involves a dispute over $180,000 in insurance proceeds. Champlain Villas Limited Partnership ("Champlain Villas") owns property which was damaged during Hurricane Hugo and which was covered by a casualty policy issued by Island National Insurance Co. ("Island National"). Delores Price, individually and as executrix of the Estate of Nellie Violet Victoria Totten ("Price"), is a mortgagee who claims a portion of the proceeds.[1] Sarasohn & Company ("Sarasohn"), an independent insurance adjuster, alleges that it is entitled to part of the insurance proceeds as its fee for having negotiated a settlement of the claim on behalf of Champlain Villas. Faced with several claims to the same fund, Island National commenced this action for interpleader and declaratory judgment. Price and Sarasohn have filed cross-claims against each other.

On December 4, 1991, Champlain Villas informed the Court that it had filed a voluntary petition for bankruptcy with the United States Bankruptcy Court for the District of Vermont, pursuant to Chapter 11 of the Bankruptcy Code. 11 U.S.C. § 301 et seq. The bankruptcy filing stayed this action as a matter of law.[2] This Court (Cabret, J.) memorialized the stay of this litigation by order on Jan-

---

[1] First Pennsylvania Bank, N.A., another mortgagee, has been paid and is no longer involved here.

[2] The statute provides, in pertinent part:

§ 362. Automatic stay

(a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970 (15 U.S.C. 78eee(a)(3)), operates as a stay applicable to all entities, of—

(q) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title. . . .

uary 23, 1992. Almost two months later, and in disregard of the stay, Price moved for summary judgment on Sarasohn's cross-claim against her. Because of the stay, Judge Cabret, in a March 19, 1992, order, declined to consider the motion.

Price now moves to vacate the stay insofar as it pertains to the cross-claims between her and the co-defendant Sarasohn & Company. She contends that the automatic stay provision of § 362(a) is not intended to halt that portion of litigation in which the bankrupt is not really involved. Price argues that the cross-claims between her and Sarasohn do not affect the bankrupt estate. She has furnished an affidavit of Champlain Villas' bankruptcy counsel which not only supports her view but which also waives any objection by Champlain Villas to the cross-claim proceeding.[3] Price correctly points out that, while the automatic stay is broad in scope, it does not necessarily operate to stay all actions involving the bankrupt. Price & Pierce Inter. Inc. v. Spicers Int'l. Paper Sales, Inc., 3 B.R. 202 (1980).

After several letters to the Court from off-island counsel essentially soliciting an advisory opinion, Sarasohn finally has retained local counsel and has opposed the motion. It maintains that the outcome of its cross-claim against Price, which is the subject of Price's pending motion for summary judgment, has the potential to affect the bankrupt estate. Sarasohn reasons that if the stay is lifted as to the cross-claim and Price prevails on her summary judgment motion, Sarasohn will then counterclaim against Champlain Villas.

## DISCUSSION

Neither side has raised the threshhold issue of whether the Territorial Court is the proper forum in which to seek relief from the stay. Price's pending motion is addressed not to the automatic stay occasioned by the bankruptcy proceeding in Vermont but rather to the stay entered in this action in the Virgin Islands. However, the pertinent Territorial Court orders are essentially ministerial acts required by the federal bankruptcy scheme. Indeed, while the Territorial Court orders are important from a case management point of view, they nevertheless are superfluous, because this litigation al-

---

[3] Of course, Champlain Villas' waiver of any objections cannot control the result here, since the bankrupt cannot make decisions for its creditors. A stay is designed to protect not just the debtor but also the debtor's creditors. In Re Sky Group Intern., Inc., 108 B.R. 86 (W.D.Pa. 1989).

ready was stayed as a matter of law upon the filing of the bank-ruptcy petition. 11 U.S.C. § 362(a).

■ The problem here is not jurisdictional, since the Territorial Court's jurisdiction over this matter was not divested by the bank-ruptcy filing. The automatic stay under § 362 does not operate to bar an action but merely to suspend it. County Board of Arlington County, Va. v. Kent Stores of Washington, 86 S.E. 2d 44 (Va. 1955); In Re Ridgemont Apartment Associates, 105 B.R. 738 (Ga. 1989). Moreover, a non-bankruptcy forum may determine the reach and scope of an automatic stay. In Re Baldwin-United Corp. Litigation, 765 F.2d 343 (2d Cir. 1985). The Second Circuit has aptly stated the pragmatic concern:

> The court in which the litigation claimed to be stayed is pend-ing has jurisdiction to determine not only its own jurisdiction but also the more precise question whether the proceeding pending before it is subject to the automatic stay. Whether it ought to exercise its authority to make such a determination, however, is a different question.

Id. at 347.

In exercising its power to modify or to vacate an automatic stay, a Bankruptcy Court is to be guided by consideration of what is just for claimants, for the debtor and for the bankrupt estate. In Re Towner Petroleum Co., 48 B.R. 182 (Okla. 1985); Matter of Pe-tersburg Hotel Associates, Ltd., 37 B.R. 380 (Fla. 1984). This Court, on the other hand, is unfamiliar with the details of the bankruptcy matter and is loathe to take any action which might inadvertently complicate or compromise those proceedings, whether by prejudic-ing the interests of the bankrupt's creditors or otherwise.

■ It may well be that the Bankruptcy Court in Vermont will decide that the stay never should have extended to the cross-claim in the first instance. But principles of comity and sound judicial administration suggest that the court from which the original stay issued, which is also the court familiar with the details of the bank-ruptcy, is the tribunal better equipped to determine the reach and scope of the stay. In Re Baldwin United Corp. Litigation, supra. Accordingly, Price's motion to vacate the orders of January 23 and March 19, 1992, will be denied.

## ORDER

In accordance with the memorandum opinion of even date, it is hereby

ORDERED that defendant Price's motion to vacate the orders of January 23, 1992, and March 19, 1992, is denied.